The STATE of Texas, Appellant,

v.

L. L. WEIDEL et ux., Appellees.

No. 6714.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 3, 1964.

Rehearing Denied Dec. 31, 1964.

W. G. Walley, Jr., Beaumont, for appellant.

Marcus & Weller, Beaumont, for appellees.

STEPHENSON, Justice.

This is an eminent domain case, and involves the taking of a strip of land for highway right of way purposes. Judgment was rendered upon a jury verdict and the State appealed.

The State contends the trial court erred in refusing to permit a witness called by the State to give certain re-direct testimony. The witness, Willard Hall, was called by the State and gave testimony as to the value of the land taken. This testimony showed that Hall valued the land taken on a per acre basis. On cross-examination Hall was interrogated as to other appraisals that he had made in the area which showed that he had made such other appraisals on a per foot basis. Then on re-direct examination, the Court sustained objections to Hall's testimony attempting to show addi-

tional appraisals made by Hall in the area, and in fact, two appraisals made of property lying both to the east and to the west of the property in question. The bill of exception shows these appraisals were made on a per acre basis, and for the purpose of condemnation.

The accepted rule in this state is that evidence concerning values at a forced sale is not admissible. Direct evidence of appraised values of other tracts of land would not be admissible, especially if involving tracts of land being acquired by condemnation. However, cross-examination of a witness as to other appraisals made by such witness of neighboring land made at a time which is not too remote would be fair cross-examination. City of Denison v. Corcoran, Tex.Civ.App., 253 S.W.2d 321; State v. Hartman, Tex.Civ. App., 338 S.W.2d 302. It was, therefore, entirely proper for the attorney to cross-examine the witness Hall as to other appraisals made by him. Following this testimony, on direct examination the witness Hall gave a full explanation as to why he appraised some tracts on a per acre basis and other tracts on a per foot basis. Then, the attorney for the State asked this question:

"Getting back to market value of subject property, have you appraised the tract to the East of Mr. Weidel, and West of Mr. Weidel, both?"

Upon objection, the State was not permitted to go further into such other appraisals. Other appraisals could not be used in arriving at the market value of the property taken, and no error was committed by the Court. In any event, a complete study of the record and this point does not demonstrate that this action of the Court amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in this case. Rule 434, Texas Rules of Civil Procedure. The point is overruled.

Appellant has two other points, one that there was no evidence to support the verdict of the jury, and the second that the verdict of the jury was against the overwhelming weight and preponderance of the evidence. The case was submitted to the jury by a written charge containing three special issues. These points are not briefed so that this court can determine the specific points complained of. Both points are overruled.

Judgment of the trial court affirmed.