**CITY OF GARLAND, Appellant,**

v.

**Wayne E. STEVENER and J. Don Skelton, Appellees.**

**No. 4972.**

Court of Civil Appeals of Texas, Waco.

Dec. 22, 1970.

Rehearing Denied Jan. 21, 1971.

Robt. E. Young, Garland, for appellant.

Luna & Jackson, Earl Luna, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a condemnation case wherein the City of Garland condemned part of lot 7, and all of lots 8 and 9 in Block 18, (totalling 11,550 square feet) in the city of Garland, for library purposes. Trial to a jury resulted in a verdict of $28,875. (or $2.50 per square foot), for the land taken. The trial court entered judgment on the verdict for defendants for $10,375. ($28,875. less $18,500. deposited by the City after award by Commissioners).

Plaintiff appeals on 4 points contending the trial court erred:

1) In admitting into evidence the Cloud appraisal, an appraisal for the city on a project property.

2) In failing to permit the attempted impeachment of the witness Carney concerning his prior testimony relating to the Morrow property.

3) In refusing to permit testimony relating to the sale from Bennie Morrow to A. K. Corporation as a condemnation sale, in that A. K. Corporation is not clothed with the power of Eminent Domain.

4) In failing to strike the testimony of the witness Carney relating to the White Auto Sales purchases, in that they were highly improved properties; constituted a package sale, none stood alone; improvements were part of the consideration; improvement value is permitted only as it enhances the highest and best use of the land.

The City sought condemnation of part of lot 7, and all of lots 8 and 9 in Block 18. Such lots front 82.5 feet on Sixth Street, about a block from the City Square, and consist of 11,550 square feet. The City desired the property to construct a new library on. At the time of taking there were two frame residence rent houses on the property, although the property was zoned commercial. Defendants' expert witness Carney, testified as to a number of comparable sales, and then testified in his opinion defendants property here taken had a value of $31,275. (approximately $2.70 per square foot). Thereafter plaintiff's expert witness Marr testified he used the "market approach combined with the cost approach" to value the property. He testified as to several comparable sales, the sale of the property here involved to defendants, and that in his opinion the property taken had a value of $16,000 (approximately $1.39 per square foot). As noted the verdict and judgment awarded plaintiff $28,875. (or $2.50 per square foot).

Plaintiff's first point complains of the trial court admitting into evidence the Cloud appraisal. (The Cloud property is contiguous to defendants' property).

While plaintiff's expert witness Marr was under cross examination by defendants' counsel, defendants' counsel asked him: "Now I believe Mr. Marr you told the ladies and gentlemen of the jury that in connection with your work on the library site you also appraised the Cloud property, did you not sir?" The witness responded, "yes sir"; and that the appraisal of the Cloud property was made "simultaneously" with the appraisal of defendants' property. Plaintiff's counsel objected to inquiry into the Cloud property, that the appraisal was not "a basis for the opinion of the appraiser", was "immune from discovery under Rules 167 and 168", was not "a comparable" and "not a sale". The trial court overruled the objection and permitted the witness to testify that he appraised the Cloud property at $2.00 per square foot.

■ Plaintiff says the trial court erred in permitting defendant to inquire of the witness as to his appraisal of the Cloud property and that same was calculated to and probably did cause the rendition of an improper judgment.

Direct evidence of appraised values of other tracts of land would not be admissible. However, cross examination of a witness of other appraisals made by such witness of neighboring land made at a time not too remote, is proper cross examination. City of Denison v. Corcoran, Tex. Civ.App. (NWH), 253 S.W.2d 321; State v. Hartman, Tex.Civ.App. (NRE), 338 S. W.2d 302; State v. Weidel, Tex.Civ.App. (NWH), 385 S.W.2d 625.

■ Plaintiff's 2nd point asserts the trial court erred in failing to permit the attempted impeachment of the witness Carney concerning his prior testimony relating to the Morrow property.

Defendants' witness Carney testified he knew a sale was made of the Morrow property; that he confirmed the price per foot with the seller; that it was comparable property to defendants' property, but not quite as good property; that it was sold in 1969, and was an open market sale. Defendants' attorney then asked Mr. Carney what the property sold for per square foot. Plaintiff's attorney objected that the property was not shown to be comparable and the trial court sustained the objection. Later on cross examination plaintiff's attorney asked Mr. Carney what the Morrow property sold for per foot. The witness answered, "Mr. Morrow told him he got $2.-65 a foot". Attorney for plaintiff then asked the witness about footage of the property and he testified he didn't know how many square feet were in the property. Thereafter attorney for plaintiff sought to impeach the witness by offering portions of the Statement of Facts from another case in which Mr. Carney testified about the Morrow property, and recalled footage, improvements, and that it sold for $2.55 or $2.65 per foot. The trial court excluded the evidence offered, and the Morrow property and its use as impeachment.

Since the trial court had excluded the price of the Morrow property on plaintiff's attorney's objection, plaintiff on cross examination may not complain of the court's refusal to permit it to show the price the property sold for, and then impeach the witness in the manner attempted. In any event we think the matter harmless under Rule 434 Texas Rules of Civil Procedure.

■ Plaintiff's 3rd point asserts the trial court erred in refusing to permit testimony relating to sale from Morrow to A. K. Corporation. Plaintiff objected to this sale when evidence of this sale was offered by defendants, such objection being sustained. Thereafter plaintiff sought to introduce evidence of the sale. The trial court refused to permit testimony relating to such sale. We think the trial court com-

mitted no error, and in any event the matter was harmless under Rule 434 TRCP.

Plaintiff's 4th contention complains that the trial court erred in failing to strike testimony of the witness Carney relating to the White Auto Sales purchases. The witness testified the property was comparable to the defendants' property. While we think the testimony admissible, plaintiff did not object to the evidence, solicited the same information from the witness on cross examination, and cannot now be heard to complain.

All plaintiff's points are overruled.

Affirmed.