**Ex parte Alfred L. SHEPPERD.**

**Ex parte Arthur C. TROILO, Jr.**

**Nos. B–4334, B–4335.**

Supreme Court of Texas.

July 25, 1974.

Rehearing Denied Oct. 9, 1974.

John L. Hill, Atty. Gen., Joe D. Jarrard, Jr., Asst. Atty. Gen., Austin, for Alfred L. Shepperd.

Lang, Cross, Ladon, Boldrick & Green, Paul M. Green, San Antonio, for respondent.

Walter C. Wolff, Jr., Sawtelle, Goode, Davidson & Troilo, Arthur C. Troilo, Jr., and Terry Topham, San Antonio, for Arthur C. Troilo, Jr.,

Robert C. Patterson, San Antonio, for respondent.

GREENHILL, Chief Justice.

These habeas corpus cases raise a common question concerning the permissible scope of pre-trial discovery in eminent domain proceedings: May the landowner ob-

tain, in advance of trial, appraisal reports prepared by the government's intended appraisal witnesses relating to other land not the subject of the proceedings in which discovery is sought when the reports were prepared for, and are in the custody of, the government?

Trial judges in two separate condemnation suits ordered relators, counsel for the condemning authorities, to deliver such reports to the condemnees. Each of the relators refused, and each was committed for contempt. We granted writs of habeas corpus to determine the underlying issue of discoverability.

We hold that the reports sought are discoverable except to the extent that they would be immune from discovery by the owners of the tracts which they directly concern in pending condemnation proceedings against those tracts.

In the case of the Relator Alfred L. Shepperd, all of the reports ordered disclosed concerned tracts which the State has finally acquired. Hence those reports were discoverable. In the case of the Relator Arthur C. Troilo, Jr., some of the tracts are the subject of pending litigation. Hence the order in *Troilo* is invalid.

Relator Shepperd is an Assistant Attorney General of Texas. He is representing the State in proceedings to acquire land for the construction of Interstate Highway 35 in Frio County. In this connection, Shepperd is counsel for the State of Texas in State of Texas v. Beever Farms, Inc., an eminent domain proceeding now pending in Frio County. In that proceeding, Beever Farms Inc., now a respondent before this court, filed a motion for discovery under Rule 167,[1] seeking access to

"All appraisal reports covering properties acquired for the IH 35 By-Pass project submitted to Plaintiff [the State] by any expert value witness that Plaintiff intends to call upon the trial of this case

and which reports are in the possession, care, custody or control of Plaintiff."

In answer to this motion, the State designated Curtis Bremer as its expert witness on land values, and only Mr. Bremer's reports are now in controversy. The trial court ordered Shepperd to deliver to counsel for Beever Farms the appraisal reports of Mr. Bremer concerning the Beever Farms property and five other tracts in the immediate vicinity. Shepperd produced the report concerning the Beever Farms property, but refused to produce any other reports. The County Judge found Shepperd in contempt and ordered him committed to the custody of the Sheriff "for a period of three days or until he complies with . . . [the discovery order]."

Relator Troilo represents the Urban Renewal Agency of the City of San Antonio, hereafter "the Agency." The Agency is acquiring a large area of land in the City of San Antonio designated "Vista Verde Project Tex. R–109," and including a lot owned by respondent Carlos Torralva. The condemnation proceeding styled Urban Renewal Agency of the City of San Antonio v. Carlos Davis Torralva, et al, is now pending in the County Court at Law No. 6 of Bexar County. In that proceeding, Torralva filed a motion for discovery under Rule 167 seeking access to

"All appraisal reports of Frank Drane and Harvey Tamon which cover the subject property, and all appraisals made by these witnesses on all properties appraised by them in this Urban Renewal project which is known as Tex. R–109."

It is stipulated that either or both the witnesses Drane and Tamon may be called as witnesses by the Agency.

The judge of the County Court at Law ordered Troilo to "make available for inspection and copying" reports concerning the Torralva property and nine other specified tracts which he determined were comparable to the Torralva property. At

---

1. All citations to Rules refer to Texas Rules of Civil Procedure.

least two of these properties were still in negotiation and had not yet been acquired by the Agency at that time.

Relator Troilo agreed to produce the reports of Tamon and Drane concerning the Torralva property, but he refused to produce any other reports. The trial judge found Troilo in contempt and committed him to the custody of the Sheriff of Bexar County until he complies with the order.

Rule 167, as recently amended, specifically provides for discovery of the reports of experts who will be called as witnesses in the case. Hence this Court's decision in State v. Ashworth, 484 S.W.2d 565 (1972), holding that reports of appraisal witnesses were per se immune from pre-trial discovery, is no longer applicable. The parties do not contend otherwise. As noted, relators make no objection to disclosing the experts' reports concerning the respondents' properties. The sole issue is whether the condemning authorities must reveal appraisal reports concerning other land, not involved in these proceedings and in which respondents own no interest. The parties have not cited, nor have we found, any case in which a court has decided this precise issue.[2]

Approaching the problem as one of first impression, we look initially to the language of Rule 167, which provides, in pertinent part:

"RULE 167. DISCOVERY AND PRODUCTION OF DOCUMENTS AND THINGS FOR INSPECTION, COPYING OR PHOTOGRAPHING

"Upon motion of any party *showing good cause therefor* . . . the court in which an action is pending may order any party:

"(1) To produce and permit the inspection and copying or photographing by or on behalf of the moving party of any of the following which are in his possession, custody or control: (a) any designated documents, papers, books, accounts, letters, photographs, objects or tangible things, not privileged, *which constitute or contain, or are reasonably calculated to lead to the discovery of, evidence material to any matter involved in the action*; and (b) any insurance agreement . . . ; and

\* \* \* \* \* \*

"The identity and location of any potential party or witness may be obtained from any communication or other paper in the possession, custody or control of a party, and *any party may be required to produce qnd permit the inspection and copying of the reports, including factual observations and opinions, of an expert who will be called as a witness. . . .*" [Emphasis added.]

While the Rule specifically authorizes discovery of expert reports, it contains general qualifications that the party seeking discovery must show "good cause" and that the documents sought must be such as "constitute or contain, or are reasonably calculated to lead to the discovery of, evidence material to any matter involved in the action." We must determine whether the condemnees in these cases have met the "good cause" and "materiality" tests thus imposed.

The condemnees contend the reports are material for purposes of cross-examination and impeachment of the appraisers when they testify at the trial. We agree. Several cases in this state hold that an appraiser may be cross-examined regarding his contemporaneous appraisals of other land. City of Garland v. Stevener, 462 S.W.2d 67 (Tex.Civ.App.1971, writ ref'd n. r. e.); State v. Weidel, 385 S.W.2d

---

2. In United States v. Meyer, 398 F.2d 66 (9th Cir. 1968), the government's appraisers refused, during a deposition, to answer questions concerning their appraisals of other lands. They also refused to answer other questions, however, and the court's opinion does not indicate that it gave any specific consideration to the problems raised by questions concerning other lands.

626 (Tex.Civ.App.1964, no writ); City of Denison v. Corcoran, 253 S.W.2d 321 (Tex.Civ.App.1952, no writ) (dictum). This information generally would not be available to the landowners from other sources. Thus the good cause and materiality requirements are satisfied unless the case comes within the restriction on discovery for impeachment purposes imposed by this court's decision in Russell v. Young, 452 S.W.2d 434 (Tex.1970).

In Russell v. Young, we held that the personal records of a non-party witness were not discoverable where their only possible relevance would be to impeach the witness's testimony on the ground of bias or prejudice. *Russell* arose out of a workmen's compensation case. The defendant carrier had obtained a subpoena duces tecum requiring a doctor who had examined the plaintiff to produce extensive financial records concerning his practice, including:

"(2) All appointment books maintained by relator [doctor] during 1969;

"(3) All statements, listings, ledgers or other books showing the accounts receivable of relator during 1969;

"(4) All deposit slips or tickets showing deposits into bank accounts of relator during 1969;

"(5) All statements, listings, ledgers, journals, or other books showing receipt of payments, either in cash, by check or any other means during 1969;

"(6) All statements of account or bills for services rendered during 1969;

"(7) All accounting ledgers, journals or other books of account of relator maintained during 1969; and

"(8) All financial statements showing income and expenses of relator during 1969." 452 S.W.2d at 435.

Plaintiff and the doctor brought an original mandamus proceeding in this court asking that we order the trial judge to quash the subpoena. The plaintiff sought to uphold the subpoena on the ground that the doctor's records might show that he was a "plaintiff's doctor" who frequently examined and testified for personal injury claimants. This Court held that the doctor's financial records were not discoverable.

We are of the opinion that Russell v. Young does not control this case. *Russell* presented an attempt at wholesale discovery of the private records of a non-party. Allowing discovery orders of that kind would permit witnesses to be subjected to harassment and might well discourage reputable experts from accepting litigation-related employment. In this case the reports sought are not of a private or personal nature. They were prepared expressly for the use of and are now in the possession of the condemning authorities, which are parties to the lawsuit.

Furthermore, the credibility of the appraisers in these cases has been put in issue. The condemning authority has designated the appraisers whose reports are sought as witnesses upon whom they will rely at the trial. In view of the central role which appraisal witnesses play in a condemnation proceeding, it would totally be unrealistic to hold that their credibility is not a material issue.

Finally, the reports are not sought solely, or even primarily, to show bias or prejudice. They are sought as evidence of possible inconsistencies in the appraisers' valuation of other properties which the trial judges in these cases have determined to be essentially similar to the subject properties. A thorough exploration, on cross-examination and re-direct examination, of any such inconsistencies and the reasons therefor might well assist the jury in reaching an independent conclusion concerning the fair market value of the subject properties.

The foregoing discussion indicates that appraisal reports concerning comparable property are ordinarily discoverable. A problem of prejudice to the condemning

authorities arises, however, with respect to reports concerning tracts which are the subject of other litigation. Owners of those tracts could not obtain reports appraising their tracts prior to the filing of suit, or thereafter, unless the condemning authority chose to call the same appraisers as witnesses in those suits. Rules 167, 186a, Houdaille Industries Inc. v. Cunningham, 502 S.W.2d 544 (Tex.1973).

Our rules which provide that the reports of an expert used solely for consultation are immune from discovery refer to an expert "who will not be called as a witness in the case." Rule 186a. The rule refers to the case in which discovery is sought, and, since all of the experts whose reports we are considering will be called as witnesses in the cases in which their reports are now being sought, none of the reports falls squarely within the protection afforded by the rule. However, disclosure in this case of reports relating primarily to other land still in the negotiation or pre-trial stage could prejudice the condemning authority's position in those other cases. In view of this possible prejudice and of the clear policy enunciated in the Rules that the opinions of experts used solely for consultation should be shielded from discovery, we conclude that an especially rigorous showing of good cause would be required before a party to one pending action could obtain reports immune from discovery in another pending action to which they primarily relate. In this case, no such showing was made. Indeed, the landowners' need for these reports is small in view of our holding that they can obtain reports concerning comparable tracts which have been finally acquired by the condemning authorities.

Accordingly, we hold that appraisal reports concerning property comparable to that involved in the present suits and prepared for the condemning authority by appraisers who will appear as witnesses in the present suit are discoverable, except that: (1) any reports concerning land which is the subject of condemnation proceedings now pending in court at the trial or appellate level are not discoverable unless the appraiser has been or will be called as a witness in those proceedings also, and (2) any reports concerning land which is the subject of pending condemnation proceedings or negotiations, but in which no commissioners' award or appeal therefrom has yet been filed are not discoverable.

In *Shepperd,* all of the tracts involved have been finally acquired by the State. Hence, reports concerning them are discoverable. Shepperd argues that the State ought not to be required to disclose its appraisal reports because the condemnee, Beever Farms Inc., does not have any written reports from its appraisers. Rule 167 which authorizes discovery of reports of experts does not, however, contain any such limitation. The contention is overruled. The discovery order directed to Relator Shepperd was proper.

In *Troilo,* it is stipulated that at least two of the tracts were still the subject of pre-condemnation negotiations at the time of the order. In view of our holding that reports concerning such tracts are not discoverable, the order was unauthorized.

Relator Shepperd is remanded to the custody of the Sheriff of Frio County in accordance with the order of the County Court. Relator Troilo is discharged, without prejudice to the right of the trial court to enter further orders consistent with this opinion.

WALKER, J., dissents.

WALKER, Justice (dissenting).

In my opinion these cases should be ruled by Russell v. Young, Tex.Sup., 452 S.W. 2d 434. I would order both relators discharged.