The STATE of Texas By and Through the STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Relator,

v.

Tom SULLIVAN, Judge of the County Civil Court at Law No. 2 of Harris County, Respondent.

No. C14–86–465–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 4, 1986.

Alvin K. James, Houston, Richard L. McElya, Angleton, for relator.

Bruce D. Mosier, Houston, for respondent.

Before JUNELL, DRAUGHN and ELLIS, JJ.

OPINION

DRAUGHN, Justice.

This is an original petition for writ of mandamus. The mandamus questions the scope of pre-trial discovery in eminent domain proceedings. Its purpose is to require the Honorable Tom Sullivan to vacate his order of May 6, 1986 denying the relator's Motion for Protective Order. We conditionally grant the mandamus.

Relator as a political subdivision of Texas has legal authority to acquire property through condemnation. In the underlying action, the relator condemned a portion of a tract owned by MX2 Investments (MX2), the defendant and real party in interest. MX2 filed notices of intent to take oral depositions of an employee of the relator and of two independent real estate appraisers, who were hired by the State to appraise the MX2 properties. The notices required the deponents to produce "all appraisal reports, preliminary or final, accepted or rejected, relevant to the subject property, or property within one mile of the subject property made within the last five years." In response to these notices, relator filed a Motion for Protective Order that was denied by the trial court. The mandamus action arises from the denial of this Motion.

Relator argues that the trial court abused its discretion for three reasons: (1) the reports are not discoverable under the Texas Supreme Court's analysis in *Ex Parte Shepperd*, 513 S.W.2d 813 (Tex. 1974); (2) the reports are protected by Texas Rule of Civil Procedure 166b(3)(c), which protects reports of non-testifying experts;

and (3) the reports are protected by art. 6252–17a § 3(a)(5) of the Texas Open Records Act.

■ The issue of whether appraisal reports can be obtained in pre-trial discovery was addressed by the Texas Supreme Court in *Ex Parte Shepperd.* Appraisal reports that concern property comparable to that in the case before the court and that are prepared for the condemning authority by appraisers who will testify in the case at bar are generally discoverable. *Ex Parte Shepperd,* 513 S.W.2d at 817. However, if the reports concern land that is the subject of pending condemnation proceedings (or pre-condemnation negotiations), but in which no commissioners' award or appeal therefrom has yet been filed, the reports are not discoverable. *Id.*

■ At the hearing on the Motion for Protective Order, Ms. Kadow, an employee of the State Highway Department, testified that of the thirty-seven parcels of land included in the highway project, which are within one mile of MX2's property, a petition in condemnation has been filed on only MX2's property. However, all the property for which appraisal reports are sought is subject to pre-condemnation negotiations and potential condemnation proceedings. Under the analysis of *Ex Parte Shepperd,* the appraisal reports are not discoverable. We find that the trial court's refusal to grant the Motion for Protective Order under these circumstances and in light of the *Shepperd* rationale was an abuse of its discretion. Since we find that the trial court abused its discretion for the first reason urged by relator, we need not address the second and third reasons asserted by relator for issuing the mandamus. Respondent should have granted relator's Motion for Protective Order. We assume respondent will comply with the opinion of this Court and grant relator's Motion for Protective Order. In the event he fails to do so forthwith a writ of mandamus will issue.

The writ is conditionally granted.