**In re George WHARTON.**

No. 10–04–00315–CV.

Court of Appeals of Texas, Waco.

June 15, 2005.

Deborah Smith McClure, Michael H. Bassett, The Bassett Firm, Dallas, for relator.

Kern A. Lewis, Foreman, Lewis & Hutchinson P.C., Grapevine, Greg Fitzgerald, J. Greg Coontz, Law Office of J. Greg Coontz, Burleson, Timothy M. Hoch, Mark A. Anderson, Deanne C. Ayers, Ayers & Ayers, Dallas, Stephen R. Pilcher, Chunn & Pilcher, P.L.L.C., San Antonio, Laurie Jayne Elza, Macdonald Devin, P.C., Dallas, for interested party.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

George Wharton seeks mandamus relief compelling Respondent, the Honorable John E. Neill, Judge of the 18th District Court of Johnson County, to withdraw a discovery order requiring Wharton to disclose personal financial records and expert reports he had prepared for other cases. Because the party seeking discovery failed to present evidence to Respondent raising the possibility that Wharton is biased, we will conditionally grant the requested writ.

This mandamus proceeding arises from a personal injury suit. The defendant retained Wharton as an expert witness to evaluate the plaintiffs' injuries. An intervenor in the lawsuit, Jerry Johnson, served Wharton with a deposition notice and subpoena duces tecum requiring him to produce, among other things:

1. All 1099's received for expert work for tax years 1999, 2000, 2001, 2002, 2003.

2. All documents showing [payment] for opinions rendered or documents reviewed for Clayton Devin or any attorneys at McCauley, MacDonald, Devin & Huddleston.

3. All reports written from November 25, 2002 to present by George Wharton or Orthopedic Rehabilitation Associates.

4. All reports written from November 25, 2002 to present by George Wharton or Orthopedic Rehabilitation Associates but not as a purely consulting expert.

. . . .

6. Schedule 1040C from George Wharton's tax return for tax years 1999 to 2003, regarding his expert work.

. . . .

8. Any reports from January 1, 1994 to the present prepared by George Wharton indicating medical treatment or surgery was needed as provided.

9. Any reports from January 1, 1994 to the present prepared by George Wharton without any criticisms of the care provided.

. . . .

15. The tax return for tax years 1999 to 2004 for Orthopedic Rehabilitation Associates.

Wharton filed a written objection to these discovery requests contending that: (1) the request for correspondence between himself and the attorneys at the firm identified in item no. 2 should be denied because such correspondence is irrelevant to the present suit; (2) the request for financial records should be denied in accordance with the Supreme

Court's decision in *Russell v. Young*, 452 S.W.2d 434 (Tex.1970) (orig.proceeding); and (3) the request for prior expert reports should be denied because such reports are irrelevant to the present suit and because the request is overly burdensome.

After a hearing, Respondent denied Wharton's objections and ordered him to produce the requested items.[1] In lieu of producing the requested tax documents though, Respondent ordered that Wharton could provide "a sworn statement ... detailing income received by [Wharton and/or Orthopedic Rehabilitation Associates] resulting from expert work, either as a testifying expert or a consulting expert, from January 1, 2002 through present."

■ Wharton contends that the documents sought are not presently discoverable to show bias on his part because his credibility has not been put at issue by extrinsic evidence. Johnson responds that Wharton's credibility is sufficiently at issue because: (1) there are contradictions between Wharton's deposition testimony in the underlying suit and his deposition testimony in a similar suit regarding the amount of his annual compensation for expert testimony and the number of cases he has handled as an expert witness; and (2) Wharton testified that he has found plaintiffs to have secondary gain[2] in fifty percent of the cases referred to him by defense attorneys while having found secondary gain in only one-two percent of cases referred to him by plaintiff's attorneys.

Mandamus relief is appropriate only if the trial court abused its discretion or violated a legal duty, and there is no adequate remedy at law, such as an appeal. A trial court's ruling that requires production beyond what our procedural rules permit is an abuse of discretion. If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist.

*In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex.2004) (orig. proceeding) (per curiam) (citing *Walker v. Packer*, 827 S.W.2d 833, 839, 843 (Tex.1992) (orig. proceeding) (other citations omitted)).

At the heart of the parties' dispute lies the issue of whether the Supreme Court overruled its decision in *Russell* by the promulgation of Rule of Civil Procedure 192.3 in 1999. We hold that the Court did not overrule *Russell* when it promulgated Rule 192.3.

In *Russell*, the Court held that a party may not obtain pretrial discovery of financial records from a non-party expert witness "whose credibility has not been put in issue and where the records do not relate directly to the subject matter of the pending suit and are sought to be discovered for the sole purpose of impeachment of such witness by showing his bias and prejudice." 452 S.W.2d at 435.

In two subsequent cases, the Court found that the expert witness's credibility had sufficiently been put at issue to justify the discovery of documents for impeachment purposes. *See Walker*, 827 S.W.2d at 837–38; *Ex parte Shepperd*, 513 S.W.2d 813, 816 (Tex.1974).

---

1. Respondent did narrow the time frame for the discovery requests, essentially limiting discovery to the period from 2002 to the present.

2. Wharton defined the term "secondary gain" in his deposition as "behavior that reflects an underlying motivation that may or may not reflect [the] conscious will of the individual." According to Johnson, it refers to the situation in which "an injured party may prolong their injuries or illnesses due to litigation." Wharton does not dispute Johnson's characterization of the term.

In *Shepperd*, the Court approved the discovery in a condemnation proceeding of an expert's appraisal reports for comparable properties prepared for prior condemnation proceedings. The Court held that these reports were discoverable because the government would rely on this appraiser at trial and "it would totally be unrealistic to hold that their credibility is not a material issue" "[i]n view of the central role which appraisal witnesses play in a condemnation proceeding."[3] *Shepperd*, 513 S.W.2d at 816.

In *Walker*, the Court held that the respondent had abused his discretion by denying a discovery request by plaintiffs who sought documents relating to the University of Texas Health Science Center at Dallas's expert witness fund and limitations placed on faculty members concerning their testimony in medical malpractice cases. The Court held that these documents were discoverable because the plaintiffs presented conflicting deposition testimony to the trial court regarding whether the Center had an official policy requiring faculty members "to obtain authorization from other faculty members before testifying for any plaintiff in a medical malpractice case." *See Walker*, 827 S.W.2d at 837–38. The Court found that this deposition testimony "rais[ed] the possibility that [the expert] is biased."[4] *Id.* at 838.

Under the discovery rules in effect at the time of *Russell* and these subsequent decisions, an expert's bias was not expressly listed as a relevant issue for discovery purposes. *See* Tex.R. Civ. P. 166b(2)(e), 785–786 S.W.2d (Tex.Cases) li-lii (1990, repealed 1999);[5] Tex.R. Civ. P. 167, 455–456 S.W.2d (Tex.Cases) (xli-xlii 1970, amended 1972).[6]

**3.** The Court did exclude from its holding any appraisal reports concerning land which was subject to a pending condemnation proceeding (1) if the appraiser would not be called as a witness in those proceedings or (2) if no commissioners' award or appeal had yet been filed. *See Ex parte Shepperd*, 513 S.W.2d 813, 817 (Tex.1974) (orig. proceeding).

**4.** The Court denied mandamus relief, however, concluding that the plaintiffs had an adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 844 (Tex.1992) (orig. proceeding).

**5.** The former Rule 166b(2)(e) provided in pertinent part as follows:

*Experts and Reports of Experts.* Discovery of the facts known, mental impressions and opinions of experts, otherwise discoverable because the information is relevant to the subject matter in the pending action but which were acquired or developed in anticipation of litigation and the discovery of the identity of experts from whom the information may be learned may be obtained only as follows:

(1) In General. A party may obtain discovery of the identity and location (name, address and telephone number) of an expert who may be called as an expert witness, the subject matter on which the witness is expected to testify, the mental impressions and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or form the basis of the mental impressions and opinions held by the expert. The disclosure of the same information concerning an expert used for consultation and who is not expected to be called as an expert witness at trial is required if the consulting expert's opinion or impressions have been reviewed by a testifying expert.

(2) Reports. A party may also obtain discovery of documents and tangible things including all tangible reports, physical models, compilations of data and other material prepared by an expert or for an expert in anticipation of the expert's trial and deposition testimony. The disclosure of material prepared by an expert used for consultation is required even if it was prepared in anticipation of litigation or for trial if the consulting expert's opinion or impressions have been reviewed by a testifying expert.

Tex.R. Civ. P. 166b(2)(e), 785–786 S.W.2d (Tex.Cases) li-lii (1990, repealed 1999).

However, when the Supreme Court promulgated the present discovery rules, the bias of an expert witness became an issue expressly subject to discovery. Rule 192.3(e)(5) provides, "A party may discover the following information regarding a testifying expert or regarding a consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: ... (5) any bias of the witness...." Tex.R. Civ. P. 192.3(e)(5).

At least one commentator has implicitly concluded that, because the Supreme Court included "bias" as a discoverable issue in Rule 192.3, the Court necessarily intended to overrule *Russell*. *See* Michol O'Connor, *O'Connor's Texas Rules: Civil Trials* ch. 6, § 4.1(5), 363 (Michol O'Connor & Byron P. Davis, eds., Jones McClure Publg., Inc.2003) ("It is not necessary to put the expert's credibility at issue before seeking evidence of the expert's potential bias.").[7]

However, the San Antonio Court of Appeals has rejected Justice O'Connor's interpretation of Rule 192.3 and has concluded that the limitations of *Russell* still apply to the discovery of evidence relevant to a non-party expert's potential bias. *See In re Doctors' Hosp. of Laredo, LP*, 2 S.W.3d 504, 507 (Tex.App.-San Antonio 1999, orig. proceeding). The court stated, "We have found no historical commentary that would suggest the rule drafters intended to overrule *Russell* and its progeny. We therefore read the rule to permit discovery of bias evidence, other than the personal financial records and appointment books of nonparty witnesses." *Id.* (footnote omitted).

We agree with this holding but have also identified a comment which tends to confirm this interpretation of the rule. The promulgation of the 1999 amendments to the Rules of Civil Procedure was noteworthy because the Court expressly stated that "[t]he notes and comments appended to these revisions, unlike some other notes and comments in the rules, are intended to inform the construction and application of these rules by both courts and practitioners." *Final Approval of Revisions to the Texas Rules of Civil Procedure*, 977–978 S.W.2d (Tex.Cases) xxxiii (Tex. Nov. 9, 1998) (order adopting amended rules of civil procedure); *see also Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (referencing similar comment following Rule of Civil Procedure 166a(i)).

---

**6.** The former Rule 167 provided in pertinent part as follows:

Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to such limitations of the kind provided in Rule 186b as the court may impose, the court in which an action is pending may order any party to produce and permit the inspection and copying or photographing by or on behalf of the moving party, of any designated documents, papers (except written statements of witnesses), books, accounts, letters, photographs, objects or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; or order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying or photographing the property or any designated object or operation thereon which may be material to any matter involved in the action.

Tex.R. Civ. P. 167, 455–456 S.W.2d (Tex. Cases) xli (Tex.1970, amended 1972).

**7.** In the 1999 edition of *O'Connor's*, Justice O'Connor observed that Rule 192.3(e)(5) "probably may overrule *Russell v. Young.*" *See In re Doctors' Hosp. of Laredo, LP*, 2 S.W.3d 504, 507 n. 2 (Tex.App.-San Antonio 1999, orig. proceeding) (quoting 1999 edition of *O'Connor's* ). This language does not appear in the 2003 edition.

Accompanying the 1999 amendments to the Rules of Civil Procedure is a statement which provides in pertinent part, "The scope of discovery, always broad, *is unchanged." Explanatory Statement Accompanying the 1999 Amendments to the Rules of Civil Procedure Governing Discovery,* 977–978 S.W.2d (Tex.Cases) xxxv (Tex. Nov. 9, 1998) (emphasis added).

■ In view of this comment, we agree with the San Antonio court that *Russell* was not overruled by the promulgation of Rule 192.3(e)(5). Therefore, if a party seeks to obtain documents from a non-party expert for impeachment purposes, the party seeking discovery must first present evidence "raising the possibility that [the expert] is biased." *See Walker,* 827 S.W.2d at 838.

■ Wharton challenges Respondent's discovery order with respect to three categories of documents: (1) the private tax records of Wharton and Orthopedic Rehabilitation Associates; (2) documents reflecting payment for expert services performed by Wharton for the law firm representing the defendant; and (3) expert reports prepared by Wharton or Orthopedic Rehabilitation Associates in other cases.

At the hearing on Wharton's objections to Johnson's discovery request, Johnson contended that Wharton's potential for bias was shown because he testified in his deposition that about one-fourth of his income is derived from litigation. Johnson's counsel argued, "[Wharton] understands

his credibility is an issue but he does not believe he's bias[ed]."

In *Walker,* the plaintiffs presented deposition testimony to the trial court from separate lawsuits involving doctors from the same medical facility who provided conflicting testimony about whether the facility had an official policy requiring faculty members "to obtain authorization from other faculty members before testifying for any plaintiff in a medical malpractice case." *See* 827 S.W.2d at 837–38. Here however, Johnson presented no *evidence* to Respondent to substantiate his contention that Wharton is biased.[8] Therefore, Respondent abused his discretion by ordering the discovery of Wharton's financial records. *See Russell,* 452 S.W.2d at 435; *see also Doctor's Hosp. of Laredo,* 2 S.W.3d at 506–07; *Olinger v. Curry,* 926 S.W.2d 832, 834–35 (Tex.App.-Fort Worth 1996, orig. proceeding).

Unlike the facts of *Shepperd,* the record does not reflect that Wharton will be called to testify at trial. *Cf. Shepperd,* 513 S.W.2d at 814. Thus, Respondent abused his discretion by ordering the discovery of expert reports Wharton had previously prepared. *Id.* at 816–17.

■ We acknowledge that expert testimony is generally required in personal injury cases. *See e.g. Walker v. Ricks,* 101 S.W.3d 740, 746 (Tex.App.-Corpus Christi 2003, no pet.). However, absent some clear indication that Wharton will be the expert relied on by the defendant to refute

---

8. Johnson attached excerpts of testimony from two of Wharton's depositions to his response to Wharton's mandamus petition. However, Johnson did not present this evidence to Respondent. In fact, one of the depositions was not even taken until after the hearing on Wharton's objections to Johnson's discovery request. Thus, we do not consider these deposition excerpts in this proceeding. *See* Tex.R.App. P. 52.7(a) (defining mandamus

record as (1) certified or sworn copies of documents filed in the underlying proceeding and (2) an "authenticated transcript of any relevant testimony from any underlying proceeding, including *any exhibits offered in evidence*") (emphasis added); *In re Liberty–Dayton Hosp., Inc.,* 144 S.W.3d 642, 646–47 (Tex. App.-Beaumont 2004, orig. proceeding); *In re Dolezal,* 970 S.W.2d 650, 654 (Tex.App.-Corpus Christi 1998, orig. proceeding).

the plaintiffs' allegations, we cannot say at this juncture that Wharton's credibility has been put at issue. *Cf. Shepperd,* 513 S.W.2d at 816.

 It is well-established that there is no adequate remedy by appeal for the erroneous compelling of a person to disclose tax records. *See Walker,* 827 S.W.2d at 843; *Olinger,* 926 S.W.2d at 836. We hold that there is likewise no adequate remedy by appeal for the erroneous compelling of an expert witness to disclose expert reports prepared in unrelated cases, particularly where those reports may contain or refer to the medical records of other patients. *Cf. In re Dolezal,* 970 S.W.2d 650, 652–54 (Tex.App.-Corpus Christi 1998, orig. proceeding).

Because Johnson failed to present evidence to Respondent raising the possibility that Wharton is biased, Respondent abused his discretion by ordering Wharton to produce the documents in question. Wharton has no adequate remedy at law. Therefore, we conditionally grant the requested writ of mandamus. The writ will issue only if Respondent fails to advise this Court in writing within fourteen days after the date of this opinion that he has vacated the order requiring Wharton to produce these documents.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring.

I cannot tell if the Court rejects the trial court's order because 1) the record does not reflect that Wharton will be an expert witness at trial; 2) Wharton's credibility has not been put at issue at this juncture; or 3) Johnson failed to present evidence raising the possibility that Wharton is biased.

The "new" Rule 192.3 of the Rules of Civil Procedure appears to broaden, to some extent, what is discoverable from an expert by expressly authorizing discovery of bias. But discovery of expert bias evidence must be closely monitored and controlled by the trial court. In this instance, I believe it is sufficient to order the trial court to withdraw its discovery order because it is overly broad. The testimony already elicited and produced in discovery may be some evidence of bias, but by no means is it conclusive evidence of bias. But some evidence of bias does not authorize litigants to obtain every shred of paper that may possibly confirm the bias.

Because Wharton has testified, or consulted, in many cases, he may have testimony, given over a period of time, which appears to be contradictory. Contradictory testimony, alone, is not evidence of bias. At best, this type of contradictory testimony is evidence which may be used to impeach a witness. There is a difference between impeachment evidence generally and evidence of bias, which is a specific subset of impeachment evidence. Discovery of bias evidence is what is expressly permitted by the rule. But a document request, or in this case a subpoena duces tecum, has never been a proper discovery tool to conduct a fishing expedition, particularly to try to find impeachment evidence limited to bias. Fish in a deposition. Make a request for specific documents.

What I cannot tell from the majority's opinion is whether at the instant it is determined Wharton will be a testifying expert, all the requested documents are discoverable, or will only be discoverable if Wharton is a witness and bias is proven to the satisfaction of the trial court, or whether the discoverability is prohibited until Wharton's credibility is made an issue by showing contradictory testimony. Thus, because I cannot tell why the majority is conditionally issuing the writ, I cannot join their opinion.

I repeat the appropriate portion of former Chief Justice Phil Hardberger's concurring opinion issued by the San Antonio Court, finding these words particularly appropriate to the facts of this case because, in addition to tax returns, we have the confidential patient information included in Dr. Wharton's reports in other litigation that were ordered by the trial court to be produced in this case:

> I concur in the result the majority reaches, though, not because of the language in *Russell,* but because the trial court in this case failed to explore other methods of obtaining the information contained in Dr. Grossman's income tax schedules before ordering their production. *See El Centro del Barrio, Inc. v. Barlow,* 894 S.W.2d 775, 780 (Tex.App.-San Antonio 1994, orig. proceeding) (stating tax returns are not material if the same information can be obtained from another source); *see also Olinger v. Curry,* 926 S.W.2d 832, 834–35 (Tex. App.-Fort Worth 1996, orig. proceeding) (holding tax returns not discoverable where doctor admitted to potential bias in deposition); *Kern v. Gleason,* 840 S.W.2d 730, 738 (Tex.App.-Amarillo 1992, orig. proceeding) (asserting party seeking production must show information unavailable from another source). Less intrusive methods for the discovery of bias exist, such as through depositions as demonstrated in *Olinger.* Protection of privacy is of constitutional importance, and a trial court abuses its discretion by requiring the disclosure of tax returns when the same information can be obtained from another source. *Sears, Roebuck & Co. v. Ramirez,* 824 S.W.2d 558, 559 (Tex.1992); *El Centro del Barrio, Inc.,* 894 S.W.2d at 780.
>
> In this case, there was no showing that the information the plaintiffs sought to obtain was unavailable from another source, or that the other potential sources of such information, i.e., interrogatories, requests for admission, depositions, etc., had been pursued before seeking discovery of the tax returns. Since the trial court failed to explore other methods of obtaining the information, it abused its discretion, and there is no need to determine whether rule 192.3(e)(5) overrules *Russell* and its progeny. Because I believe the majority addresses an important issue that is not necessary for the resolution of this proceeding, I concur in the granting of mandamus relief but not the language of the majority's opinion.

*In re Doctor's Hosp. of Laredo, Ltd. Partnership,* 2 S.W.3d 504, 507–508 (Tex.App.-San Antonio 1999, orig. proceeding) (Hardberger, C.J., concurring).

Because I believe the scope of the ordered discovery is overly broad for discovery on the issue of bias, I concur in the result of this proceeding.