IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-04-00315-CV

 

In re George Wharton,

 

 



Original Proceeding

 

 



Opinion



 

          George
Wharton seeks mandamus relief compelling Respondent, the Honorable John E.
Neill, Judge of the 18th District
 Court of
 Johnson County,
to withdraw a discovery order requiring Wharton to disclose personal financial
records and expert reports he had prepared for other cases.  Because the party seeking discovery failed to
present evidence to Respondent raising the possibility that Wharton is biased,
we will conditionally grant the requested writ.

          This
mandamus proceeding arises from a personal injury suit.  The defendant retained Wharton as an expert
witness to evaluate the plaintiffs’ injuries. 
An intervenor in the lawsuit, Jerry Johnson, served Wharton with a
deposition notice and subpoena duces tecum requiring him to produce, among
other things:

1.     
All 1099’s
received for expert work for tax years 1999, 2000, 2001, 2002, 2003.

 

2.     
All
documents showing [payment] for opinions rendered or documents reviewed for
Clayton Devin or any attorneys at McCauley, MacDonald, Devin & Huddleston.

 

3.     
All reports
written from November 25,
 2002 to present by George Wharton or Orthopedic Rehabilitation
Associates.

 

4.     
All reports
written from November 25,
 2002 to present by George Wharton or Orthopedic Rehabilitation
Associates but not as a purely consulting expert.

 

.  .  .  .

 

6.     
Schedule
1040C from George Wharton’s tax return for tax years 1999 to 2003, regarding
his expert work.

 

          . 
.  .  .

 

8.     
Any reports
from January 1, 1994
to the present prepared by George Wharton indicating medical treatment or
surgery was needed as provided.

 

9.     
Any reports
from January 1, 1994
to the present prepared by George Wharton without any criticisms of the care
provided.

 

          . 
.  .  .         

 

15. 
The tax
return for tax years 1999 to 2004 for Orthopedic Rehabilitation Associates.

 

          Wharton
filed a written objection to these discovery requests contending that: (1) the
request for correspondence between himself and the attorneys at the firm
identified in item no. 2 should be denied because such correspondence is
irrelevant to the present suit; (2) the request for financial records should be
denied in accordance with the Supreme Court’s decision in Russell v. Young, 452 S.W.2d 434 (Tex. 1970) (orig. proceeding);
and (3) the request for prior expert reports should be denied because such
reports are irrelevant to the present suit and because the request is overly
burdensome.

          After
a hearing, Respondent denied Wharton’s objections and ordered him to produce
the requested items.[1]  In lieu of producing the requested tax documents
though, Respondent ordered that Wharton could provide “a sworn statement . . .
detailing income received by [Wharton and/or Orthopedic Rehabilitation
Associates] resulting from expert work, either as a testifying expert or a
consulting expert, from January 1, 2002 through present.”

          Wharton
contends that the documents sought are not presently discoverable to show bias
on his part because his credibility has not been put at issue by extrinsic
evidence.  Johnson responds that
Wharton’s credibility is sufficiently at issue because: (1) there are
contradictions between Wharton’s deposition testimony in the underlying suit
and his deposition testimony in a similar suit regarding the amount of his annual
compensation for expert testimony and the number of cases he has handled as an
expert witness; and (2) Wharton testified that he has found plaintiffs to have
secondary gain[2] in
fifty percent of the cases referred to him by defense attorneys while having
found secondary gain in only one-two percent of cases referred to him by
plaintiff’s attorneys.

                    Mandamus relief is appropriate only if
the trial court abused its discretion or violated a legal duty, and there is no
adequate remedy at law, such as an appeal. 
A trial court’s ruling that requires production beyond what our
procedural rules permit is an abuse of discretion.  If an appellate court cannot remedy a trial
court’s discovery error, then an adequate appellate remedy does not exist.    

 

In re Dana
Corp., 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam) (citing Walker v. Packer, 827 S.W.2d 833, 839,
843 (Tex. 1992)
(orig. proceeding) (other citations omitted)).

          At
the heart of the parties’ dispute lies the issue of whether the Supreme Court
overruled its decision in Russell by
the promulgation of Rule of Civil Procedure 192.3 in 1999.  We hold that the Court did not overrule Russell when it promulgated Rule 192.3.

          In
Russell, the Court held that a party
may not obtain pretrial discovery of financial records from a non-party expert
witness “whose credibility has not been put in issue and where the records do
not relate directly to the subject matter of the pending suit and are sought to
be discovered for the sole purpose of impeachment of such witness by showing
his bias and prejudice.”  452 S.W.2d at
435.

          In
two subsequent cases, the Court found that the expert witness’s credibility had
sufficiently been put at issue to justify the discovery of documents for
impeachment purposes.  See Walker,
827 S.W.2d at 837-38; Ex parte Shepperd,
513 S.W.2d 813, 816 (Tex.
1974).  

          In
Shepperd, the Court approved the
discovery in a condemnation proceeding of an expert’s appraisal reports for
comparable properties prepared for prior condemnation proceedings.  The Court held that these reports were
discoverable because the government would rely on this appraiser at trial and
“it would totally be unrealistic to hold that their credibility is not a
material issue” “[i]n view of the central role which appraisal witnesses play
in a condemnation proceeding.”[3]  Shepperd,
513 S.W.2d at 816.

          In
Walker,
the Court held that the respondent had abused his discretion by denying a
discovery request by plaintiffs who sought documents relating to the University
of Texas Health Science Center at Dallas’s
expert witness fund and limitations placed on faculty members concerning their
testimony in medical malpractice cases. 
The Court held that these documents were discoverable because the
plaintiffs presented conflicting deposition testimony to the trial court
regarding whether the Center had an official policy requiring faculty members “to
obtain authorization from other faculty members before testifying for any
plaintiff in a medical malpractice case.” 
See Walker, 827 S.W.2d at 837-38.  The Court found that this deposition
testimony “rais[ed] the possibility that [the expert] is biased.”[4]  Id. at 838. 

          Under
the discovery rules in effect at the time of Russell and these subsequent decisions, an expert’s bias was not
expressly listed as a relevant issue for discovery purposes.  See
Tex. R. Civ. P. 166b(2)(e),
785-786 S.W.2d (Tex.
Cases) li-lii (1990, repealed 1999);[5]
Tex. R. Civ. P. 167, 455-456
S.W.2d (Tex.
Cases) xli-xlii 1970, amended 1972).[6]

          However,
when the Supreme Court promulgated the present discovery rules, the bias of an
expert witness became an issue expressly subject to discovery.  Rule 192.3(e)(5) provides, “A party may
discover the following information regarding a testifying expert or regarding a
consulting expert whose mental impressions or opinions have been reviewed by a
testifying expert: . . . (5) any bias of the witness . . . .”  Tex.
R. Civ. P. 192.3(e)(5).

          At
least one commentator has implicitly concluded that, because the Supreme Court
included “bias” as a discoverable issue in Rule 192.3, the Court necessarily
intended to overrule Russell.  See
Michol O’Connor, O’Connor’s Texas Rules:
Civil Trials ch. 6, § 4.1(5), 363 (Michol O’Connor & Byron P. Davis,
eds., Jones McClure Publg., Inc. 2003) (“It is not necessary to put the
expert’s credibility at issue before seeking evidence of the expert’s potential
bias.”).[7]

          However,
the San Antonio Court of Appeals has rejected Justice O’Connor’s interpretation
of Rule 192.3 and has concluded that the limitations of Russell still apply to the discovery of evidence relevant to a non-party
expert’s potential bias.  See In re Doctor’s Hosp. of Laredo, LP,
2 S.W.3d 504, 507 (Tex. App.—San
 Antonio 1999, orig. proceeding).  The court stated, “We have found no historical
commentary that would suggest the rule drafters intended to overrule Russell and its progeny.  We therefore read the rule to permit
discovery of bias evidence, other than the personal financial records and
appointment books of nonparty witnesses.”  Id. (footnote
omitted).

          We
agree with this holding but have also identified a comment which tends to
confirm this interpretation of the rule. 
The promulgation of the 1999 amendments to the Rules of Civil Procedure
was noteworthy because the Court expressly stated that “[t]he notes and
comments appended to these revisions, unlike some other notes and comments in
the rules, are intended to inform the construction and application of these
rules by both courts and practitioners.” 
Final Approval of Revisions to the
Texas Rules of Civil Procedure, 977-978 S.W.2d (Tex. Cases) xxxiii (Tex. Nov.
9, 1998) (order adopting amended rules of civil procedure); see also Specialty Retailers, Inc. v. Fuqua,
29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)
(referencing similar comment following Rule of Civil Procedure 166a(i)).  Accompanying the 1999 amendments to the Rules
of Civil Procedure is a statement which provides in pertinent part, “The scope
of discovery, always broad, is unchanged.”  Explanatory
Statement Accompanying the 1999 Amendments to the Rules of Civil Procedure
Governing Discovery, 977-978 S.W.2d (Tex. Cases) xxxv (Tex. Nov. 9, 1998)
(emphasis added).

          In
view of this comment, we agree with the San
 Antonio court that Russell
was not overruled by the promulgation of Rule 192.3(e)(5).  Therefore, if a party seeks to obtain
documents from a non-party expert for impeachment purposes, the party seeking
discovery must first present evidence “raising the possibility that [the
expert] is biased.”  See Walker,
827 S.W.2d at 838.  

          Wharton
challenges Respondent’s discovery order with respect to three categories of
documents: (1) the private tax records of Wharton and Orthopedic Rehabilitation
Associates; (2) documents reflecting payment for expert services performed by
Wharton for the law firm representing the defendant; and (3) expert reports
prepared by Wharton or Orthopedic Rehabilitation Associates in other cases.

          At
the hearing on Wharton’s objections to Johnson’s discovery request, Johnson contended
that Wharton’s potential for bias was shown because he testified in his
deposition that about one-fourth of his income is derived from litigation.  Johnson’s counsel argued, “[Wharton]
understands his credibility is an issue but he does not believe he’s bias[ed].”

          In
Walker,
the plaintiffs presented deposition testimony to the trial court from separate
lawsuits involving doctors from the same medical facility who provided
conflicting testimony about whether the facility had an official policy requiring
faculty members “to obtain authorization from other faculty members before
testifying for any plaintiff in a medical malpractice case.”  See 827
S.W.2d at 837-38.  Here however, Johnson
presented no evidence to Respondent
to substantiate his contention that Wharton is biased.[8]  Therefore, Respondent abused his discretion
by ordering the discovery of Wharton’s financial records.  See
Russell, 452 S.W.2d at 435; see also Doctor’s
Hosp. of Laredo,
2 S.W.3d at 506-07; Olinger v. Curry,
926 S.W.2d 832, 834-35 (Tex. App.—Fort Worth 1996, orig. proceeding).

          Unlike
the facts of Shepperd, the record
does not reflect that Wharton will be called to testify at trial.  Cf.
Shepperd, 513 S.W.2d at 814.  Thus,
Respondent abused his discretion by ordering the discovery of expert reports
Wharton had previously prepared.  Id.
at 816-17.

          We
acknowledge that expert testimony is generally required in personal injury
cases.  See e.g. Walker v. Ricks, 101 S.W.3d 740, 746 (Tex. App.—Corpus
Christi 2003, no pet.).  However, absent
some clear indication that Wharton will be the expert relied on by the
defendant to refute the plaintiffs’ allegations, we cannot say at this juncture
that Wharton’s credibility has been put at issue.  Cf.
Shepperd, 513 S.W.2d at 816.

          It
is well-established that there is no adequate remedy by appeal for the
erroneous compelling of a person to disclose tax records.  See
Walker, 827 S.W.2d at 843; Olinger,
926 S.W.2d at 836.  We hold that there is
likewise no adequate remedy by appeal for the erroneous compelling of an expert
witness to disclose expert reports prepared in unrelated cases, particularly
where those reports may contain or refer to the medical records of other
patients.  Cf. In re Dolezal, 970 S.W.2d 650, 652-54 (Tex. App.—Corpus Christi 1998, orig. proceeding). 

Because Johnson failed to present evidence to
Respondent raising the possibility that Wharton is biased, Respondent abused
his discretion by ordering Wharton to produce the documents in question.  Wharton has no adequate remedy at law.  Therefore, we conditionally grant the
requested writ of mandamus.  The writ
will issue only if Respondent fails to advise this Court in writing within
fourteen days after the date of this opinion that he has vacated the order
requiring Wharton to produce these documents. 

 

FELIPE REYNA

Justice 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

          (Chief Justice Gray
concurring)

Petition conditionally granted

Opinion delivered and filed June 15, 2005

[OT06]








 











[1]           Respondent
did narrow the time frame for the discovery requests, essentially limiting
discovery to the period from 2002 to the present.

 





[2]           Wharton
defined the term “secondary gain” in his deposition as “behavior that reflects
an underlying motivation that may or may not reflect [the] conscious will of
the individual.”  According to Johnson,
it refers to the situation in which “an injured party may prolong their
injuries or illnesses due to litigation.” 
Wharton does not dispute Johnson’s characterization of the term.





[3]           The
Court did exclude from its holding any appraisal reports concerning land which
was subject to a pending condemnation proceeding (1) if the appraiser would not
be called as a witness in those proceedings or (2) if no commissioners’ award
or appeal had yet been filed.  See Ex parte Shepperd, 513 S.W.2d 813,
817 (Tex. 1974)
(orig. proceeding).





[4]           The
Court denied mandamus relief, however, concluding that the plaintiffs had an
adequate remedy by appeal.  See Walker v. Packer, 827 S.W.2d 833,
844 (Tex. 1992)
(orig. proceeding).

 





[5]           The
former Rule 166b(2)(e)  provided
in pertinent part as follows:

 

                Experts and Reports of Experts.  Discovery of the facts known, mental
impressions and opinions of experts, otherwise discoverable because the
information is relevant to the subject matter in the pending action but which
were acquired or developed in anticipation of litigation and the discovery of
the identity of experts from whom the information may be learned may be
obtained only as follows:

 

(1)    
In General.  A
party may obtain discovery of the identity and location (name, address and
telephone number) of an expert who may be called as an expert witness, the
subject matter on which the witness is expected to testify, the mental
impressions and opinions held by the expert and the facts known to the expert
(regardless of when the factual information was acquired) which relate to or
form the basis of the mental impressions and opinions held by the expert.  The disclosure of the same information concerning
an expert used for consultation and who is not expected to be called as an
expert witness at trial is required if the consulting expert’s opinion or
impressions have been reviewed by a testifying expert.

 

(2)    
Reports.  A party
may also obtain discovery of documents and tangible things including all
tangible reports, physical models, compilations of data and other material
prepared by an expert or for an expert in anticipation of the expert’s trial
and deposition testimony.  The disclosure
of material prepared by an expert used for consultation is required even if it
was prepared in anticipation of litigation or for trial if the consulting
expert’s opinion or impressions have been reviewed by a testifying expert.

 

Tex. R. Civ. P. 166b(2)(e), 785-786 S.W.2d (Tex. Cases) li-lii
(1990, repealed 1999).

                





[6]           The
former Rule 167 provided in pertinent part as follows:

 

                        Upon
motion of any party showing good cause therefor and upon notice to all other
parties, and subject to such limitations of the kind provided in Rule 186b as
the court may impose, the court in which an action is pending may order any
party to produce and permit the inspection and copying or photographing by or
on behalf of the moving party, of any designated documents, papers (except
written statements of witnesses), books, accounts, letters, photographs,
objects or tangible things, not privileged, which constitute or contain
evidence material to any matter involved in the action and which are in his
possession, custody, or control; or order any party to permit entry upon
designated land or other property in his possession or control for the purpose
of inspecting, measuring, surveying or photographing the property or any
designated object or operation thereon which may be material to any matter
involved in the action.

 

Tex. R.
Civ. P. 167, 455-456 S.W.2d (Tex. Cases) xli (Tex.
1970, amended 1972).

 





[7]           In
the 1999 edition of O’Connor’s,
Justice O’Connor observed that Rule 192.3(e)(5) “probably may overrule Russell v. Young.”  See In
re Doctor’s Hosp. of Laredo, LP, 2 S.W.3d 504, 507 n.2 (Tex. App.—San
Antonio 1999, orig. proceeding) (quoting 1999 edition of O’Connor’s).  This language
does not appear in the 2003 edition.





[8]           Johnson
attached excerpts of testimony from two of Wharton’s depositions to his
response to Wharton’s mandamus petition. 
However, Johnson did not present this evidence to Respondent.  In fact, one of the depositions was not even
taken until after the hearing on Wharton’s objections to Johnson’s discovery
request.  Thus, we do not consider these
deposition excerpts in this proceeding.  See Tex.
R. App. P. 52.7(a) (defining mandamus record as (1) certified or sworn
copies of documents filed in the underlying proceeding and (2) an “authenticated
transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence”)
(emphasis added); In re Liberty-Dayton
Hosp., Inc., 144 S.W.3d 642, 646-47 (Tex. App.—Beaumont 2004, orig.
proceeding); In re Dolezal, 970
S.W.2d 650, 654 (Tex. App.—Corpus Christi 1998, orig. proceeding).