**In re DOCTORS' HOSPITAL OF LAREDO, Limited Partnership, doing business as Columbia Doctors' Hospital of Laredo.**

No. 04–99–00465–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 11, 1999.

Brian C. Steward, Harold J. Lotz, Jr., Lotz & Associates, P.C., Sharon E. Callaway, Crofts, Callaway & Jefferson, P.C., M. Kenneth Patterson, Patterson & Wagner, L.L.P., San Antonio, for appellant.

Malcolm C. Halbardier, John N. Mastin, San Antonio, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice PAUL W. GREEN, Justice KAREN ANGELINI, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

This original proceeding involves the interpretation of Rule 192.3 of the new discovery rules. The trial court construed the rule to permit the deposition of a consulting witness and to permit the production of a testifying witness's income tax schedules and appointment calendars. We conditionally grant the writ of mandamus.

### Background

The real parties in interest and plaintiffs below, Enedelia and Humberto Martinez, sued the relator, Doctors' Hospital of Laredo, for medical malpractice arising from the birth of Lynette Martinez. The plaintiffs noticed the depositions of Dr. John Seals, originally designated as a testifying witness but re-designated as a consulting expert, and Dr. Herbert Grossman, a testifying expert. The plaintiffs also subpoenaed the doctors' income tax schedules and Dr. Grossman's personal calendars. In response, the hospital moved to quash the depositions and further moved for a protective order. At the hearing on these motions, the plaintiffs argued they needed the requested documents to show the bias of the hospital's experts.

On June 24, the trial court signed an order setting the depositions of Dr. Seals and Dr. Grossman and ordering each doctor to produce *in camera* "all schedules attached to their federal income tax returns ... [for the past three years that] indicate income derived in the medico-legal context as either testifying experts and/or consulting experts." The court also ordered Dr. Grossman to produce *in camera* his calendars for the past three years. The hospital then sought mandamus relief.

### Standard and Scope of Review

■ To be entitled to mandamus relief, the hospital must show that the trial court abused its discretion and that the hospital has no adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). Remedy by appeal is inadequate when an order requires the disclosure of information exempted from discovery. *See id.* at 843. To determine whether such an order is an abuse of discretion, we defer to the trial court's factual determinations while reviewing its legal determinations de novo. *Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 820 (Tex. App.—San Antonio 1996, no writ). The trial court abuses its discretion when it fails to properly apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling is based on factual assertions unsupported by the record. *Microsoft Corp. v. Manning*, 914 S.W.2d 602, 607 (Tex. App.—Texarkana 1995, writ dism'd).

### Dr. Seals—The Consulting Expert

The hospital contends the plaintiffs may not depose Dr. Seals, who was re-designated from a testifying expert to a consulting expert. In response, the plaintiffs claim the re-designation is improper.

■ Rule 192.3(e) prevents discovery of a consulting expert's opinion, provided the opinion has not been reviewed by a testifying expert. Tex.R. Civ. P. 192.3(e). A "testifying expert [may] be 'de-designated' so long as it is not part of 'a bargain between adversaries to suppress testimony' or for some other improper purpose." *Castellanos v. Littlejohn*, 945 S.W.2d 236, 240 (Tex.App.—San Antonio 1997, orig. proceeding) (distinguishing *Tom L. Scott, Inc. v. McIlhany*, 798 S.W.2d 556 (Tex. 1990)).

■ Originally, the hospital designated three experts, including Dr. Seals, as testifying witnesses in the field of pediatric neurology. The hospital claims that Dr. Seals' opinions have not been reviewed by any testifying witnesses, and the plaintiffs have not refuted this claim. Instead, the plaintiffs assert the re-designation is a subterfuge because the hospital designated a replacement for Dr. Seals after telling the trial court it did not need three experts in the same field. This fact, however, does not imply an improper, prohibited purpose. Thus, the trial court abused its discretion in ordering the deposition of Dr. Seals.

### Dr. Grossman—Income Tax Schedules & Calendars

Citing *Russell v. Young*, 452 S.W.2d 434 (Tex.1970), the hospital contends that income tax schedules and calendars of nonparty witnesses are not discoverable to show bias. In response, the plaintiffs claim this case was overruled by the new discovery rules. We disagree that new rule 192.3 overruled *Russell.*

■ Historically, evidence of a witness's bias has been considered relevant, admissible, and discoverable. *See* Tex.R. Evid. 613(b); Tex.R. Civ. P. 192.3; *Walker*, 827 S.W.2d at 839. As noted by the Supreme Court in *Russell*, however, personal financial records and appointment books are generally not discoverable to demonstrate the bias of a nonparty witness. 452 S.W.2d at 435; *see also In re Dolezal*, 970 S.W.2d 650, 653–54 (Tex.App.—Corpus Christi, 1998, orig. proceeding) (expert's attorney-referral list); *Olinger v. Curry*, 926 S.W.2d 832, 834 (Tex.App.—Fort Worth 1996, orig. proceeding) (expert's income tax schedules); *cf. Walker*, 827 S.W.2d at 838 (permitting disclosure of expert's employer's financial policy about testifying).[1]

---

1. Even when financial records are relevant to issues in a case and requested from a party, privacy concerns require a trial court to explore other methods of obtaining the information. *See Maresca v. Marks,* 362 S.W.2d 299, 301 (Tex.1962); *El Centro del Barrio, Inc. v. Barlow,* 894 S.W.2d 775, 779–80 (Tex.App.—San Antonio 1994, orig. proceeding).

Unlike former discovery Rule 166b(2)(e), new Rule 192.3(e)(5) specifically provides that a "party may discover ... any bias of the [testifying] witness." TEX.R. CIV. P. 192.3(e)(5). We have found no historical commentary that would suggest the rule drafters intended to overrule *Russell* and its progeny.[2] We therefore read the rule to permit discovery of bias evidence, other than the personal financial records and appointment books of nonparty witnesses. By ordering the production of these personal records, the trial court abused its discretion.

## Conclusion

We conditionally grant the hospital's petition for writ of mandamus. The writ will issue if the trial court fails to vacate his discovery order within twenty days of the date of this opinion.

Concurring by: PHIL HARDBERGER, Chief Justice.

PHIL HARDBERGER, Chief Justice, concurring.

I agree with the majority's reasoning with regard to Dr. Seals. Dr. Seals was properly "de-designated," and the trial court abused its discretion in ordering his deposition. I also agree that Dr. Grossman's calendars are not discoverable.

With regard to Dr. Grossman's income tax schedules, however, I believe the majority addresses an issue that is not necessary to the resolution of this proceeding. I also believe the majority could be incorrect in the proper case. The majority concludes that rule 192.3(e)(5) of the new discovery rules, which permits a party to discover any bias of a testifying witness, did not overrule the Supreme Court's holding in *Russell v. Young*, 452 S.W.2d 434 (Tex.1970).

One well-known commentator believes that rule 192.3 "probably may" overrule *Russell*. *See* MICHOL O'CONNOR, ET AL.,

O'CONNOR'S TEXAS RULES CIVIL TRIALS 309 (1999); *see also* Sam Johnson, *Scope of Discovery Under the 1999 Revisions to the Texas Discovery Rules*, UNIV. HOUS. LAW FOUND., CIVIL DISCOVERY UNDER THE NEW RULES C, C–9 (1998) (describing change in rule concerning evidence of expert bias and concluding documents to impeach expert may be discovered upon showing of special circumstances indicating impeachment is possible). I would agree with these commentators that a serious question exists as to whether the broad language in *Russell* remains the absolute law. I concur in the result the majority reaches, though, not because of the language in *Russell*, but because the trial court in this case failed to explore other methods of obtaining the information contained in Dr. Grossman's income tax schedules before ordering their production. *See El Centro del Barrio, Inc. v. Barlow*, 894 S.W.2d 775, 780 (Tex.App.—San Antonio 1994, orig. proceeding) (stating tax returns are not material if the same information can be obtained from another source); *see also Olinger v. Curry*, 926 S.W.2d 832, 834–35 (Tex.App.—Fort Worth 1996, orig. proceeding) (holding tax returns not discoverable where doctor admitted to potential bias in deposition); *Kern v. Gleason*, 840 S.W.2d 730, 738 (Tex.App.—Amarillo 1992, orig. proceeding) (asserting party seeking production must show information unavailable from another source). Less intrusive methods for the discovery of bias exist, such as through depositions as demonstrated in *Olinger*. Protection of privacy is of constitutional importance, and a trial court abuses its discretion by requiring the disclosure of tax returns when the same information can be obtained from another source. *Sears, Roebuck & Co. v. Ramirez*, 824 S.W.2d 558, 559 (Tex.1992); *El Centro del Barrio, Inc.*, 894 S.W.2d at 780.

In this case, there was no showing that the information the plaintiffs sought to obtain was unavailable from another

---

2. The plaintiffs cite MICHOL O'CONNOR ET AL., O'CONNOR'S TEXAS RULES ∗ CIVIL TRIALS 309

(1999), which states Rule 192.3(e)(5) "probably may overrule *Russell v. Young*."

source, or that the other potential sources of such information, i.e, interrogatories, requests for admission, depositions, etc., had been pursued before seeking discovery of the tax returns. Since the trial court failed to explore other methods of obtaining the information, it abused its discretion, and there is no need to determine whether rule 192.3(e)(5) overrules *Russell* and its progeny. Because I believe the majority addresses an important issue that is not necessary for the resolution of this proceeding, I concur in the granting of mandamus relief but not the language of the majority's opinion.