

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00041-CV

_____


IN RE:   THE TEXAS MEDICAL BOARD


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

This mandamus proceeding arises from the prosecution of Dr. Oscar Reichert (the real party in interest) by the State of Texas on charges of Medicare fraud. The action has been brought by the Texas Medical Board (Board), a governmental agency of the State of Texas, charged by the Texas Legislature with regulating the practice of medicine. TEX. CONST. art. XVI, § 31; TEX. OCC. CODE ANN. § 151.003 (Vernon 2004), § 152.001 (Vernon Supp. 2009).

Pursuant to its duties to license and regulate physicians, the Board evaluates applications for licensure and investigates complaints against physicians. The Board's files generated in connection with these functions are confidential. Section 155.007(g) of the Texas Occupations Code provides, in part, that "[e]ach report received or gathered by the board on a license applicant is confidential and is not subject to disclosure under Chapter 552, Government Code." TEX. OCC. CODE ANN. § 155.007(g) (Vernon Supp. 2009). Documents gathered by the Board as part of any investigation of any licensee are likewise confidential. Section 164.007(c) of the Texas Medical Practice Act provides:

> Each complaint, adverse report, investigation file, other investigation report, and other investigative information in the possession of or received or gathered by the board or its employees or agents relating to a license holder, an application for license, or a criminal investigation or proceeding is privileged and confidential and is not subject to discovery, subpoena, or other means of legal compulsion for release to anyone other than the board or its employees or agents involved in discipline of a license holder. For purposes of this subsection, investigative information includes information relating to the identity of, and a report made by, a physician performing or supervising compliance monitoring for the board.

2

TEX. OCC. CODE ANN. § 164.007(c) (Vernon Supp. 2009).

Here, the documents in question have been designated by the Texas Legislature as privileged, confidential, and not subject to discovery or subpoena under Texas law.[1]

However, the State of Texas, in bringing its criminal prosecution, had obtained copies of the Board's records of the disciplinary action pursuant to an exception to that confidentiality privilege, Section 164.007(h) of the Texas Occupations Code, which provides:

---

[1]There are two categories of documents at issue. First, there is the information on which the Texas Medical Board relied in its disciplinary proceeding before the agency. These documents were heretofore provided to Reichert pursuant to Section 164.007(d) of the Texas Occupations Code, which provides:

> (d) Not later than the 30th day after the date of receipt of a written request from a license holder who is the subject of a formal complaint initiated and filed under Section 164.005 or from the license holder's counsel of record, and subject to any other privilege or restriction set forth by rule, statute, or legal precedent, and unless good cause is shown for delay, the board shall provide the license holder with access to all information in its possession that the board intends to offer into evidence in presenting its case in chief at the contested hearing on the complaint. The board is not required to provide:
>
> (1) a board investigative report or memorandum;
>
> (2) the identity of a nontestifying complainant; or
>
> (3) attorney-client communications, attorney work product, or other material covered by a privilege recognized by the Texas Rules of Civil Procedure or the Texas Rules of Evidence.
>
> (e) Furnishing information under Subsection (d) does not constitute a waiver of privilege or confidentiality under this subtitle or other applicable law.

TEX. OCC. CODE ANN. § 164.007(d), (e) (Vernon Supp. 2009).

The second category of documents at issue are those not relied upon by the Board at the contested hearing. These documents consist of board investigative reports or memorandums; the identity of the nontestifying complainant; and attorney-work product. The documents within this second category were disclosed to the State, but were not released to Reichert. It is this second category of documents the Board seeks to protect from disclosure to Reichert. We note that both categories of documents remain confidential, despite limited disclosure to law enforcement and to Reichert in accordance with the statute.

3

> The board shall cooperate with and assist a law enforcement agency conducting a criminal investigation of a license holder by providing information that is relevant to the criminal investigation to the investigating agency. Information disclosed by the board to an investigative agency remains confidential and may not be disclosed by the investigating agency except as necessary to further the investigation.

TEX. OCC. CODE ANN. § 164.007(h).

On October 5, 2009, the 276th Judicial District Court of Titus County issued a ruling from the bench requiring the State to turn over the Board's file to counsel for Reichert. On May 14, 2010, after having filed an unsuccessful motion to reconsider, the Board filed a motion for emergency stay of order of production and motion for leave to submit confidential documents under seal for in camera review. This motion was granted, and on May 19, 2010, following in camera review of the Board's file, the respondent in this action, the Honorable Webb Biard, renewed and affirmed his order of May 7, 2010, and the Honorable William Porter's order of October 5, 2009, requiring the State to produce the underlying documentation that supports the mediated order between Reichert and the Board.

The Board contends that the respondent erred in ordering the disclosure of confidential Board files. Reichert, the real party in interest, maintains that the State is obligated to turn over evidence in its possession that is both favorable to the accused and material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Indeed, Reichert's right to discover exculpatory evidence material to guilt or punishment in connection with his criminal prosecution is based on

4

the United States Constitution. *Id.*[2]  If there were exculpatory evidence contained within the Board files, Reichert would be entitled to be supplied with that evidence.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). A trial court clearly abuses its discretion when it reaches a decision which is so arbitrary as to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839. While it is true that the reviewing court may not substitute its judgment for that of the trial court with respect to the resolution of factual issues, review of a trial court's determination of legal principles controlling its ruling is much less deferential. *Id.* at 839–40. A trial court has no discretion in determining what the law is and in the application of the law to the facts. *Id.* at 840. In determining whether the trial court abused its discretion in the present case, we treat the trial court's grant of the requested privileged Board file as a legal conclusion to be reviewed with limited deference to the trial court. *See id.*; *In re Doctors' Hosp. of Laredo, Ltd. P'ship*, 2 S.W.3d 504, 506 (Tex. App.—San Antonio 1999, orig. proceeding).

---

[2]A prosecutor has an affirmative duty to turn over material, exculpatory evidence to the accused. *Brady*, 373 U.S. at 87. Impeachment evidence is likewise included within the scope of this rule. *See U.S. v. Bagley*, 473 U.S. 667, 676 (1985). Evidence is "material" if there is "a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the proceeding would have been different." *Id.* at 682. Exculpatory evidence is that which tends to justify, excuse, or clear the accused of fault or guilt. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).

5

The privileged documents were submitted under seal to the trial court and were reviewed in camera. While the trial court ordered the State to produce the documents, it made no finding that any of the information contained in the documents would serve to assist Reichert in his defense or would otherwise be classified as exculpatory evidence, as contemplated by *Brady* and its progeny. Further, we have reviewed the documents which were ordered to be produced and find no such exculpatory information contained within them.

In the absence of such a finding, together with our own in camera review in which we have concluded that there is no right under *Brady* for Reichert to obtain disclosure of the documents, and in the face of the statutorily privileged status of the documents in question, we are compelled to conclude that the trial court was without discretion to order disclosure of said documents. We further find that the Board, the relator, has no adequate remedy at law. We conditionally grant the writ of mandamus and direct the trial court to vacate its prior order directing the divulgence of the contents of the Board's file. We are confident the trial court will comply, and the writ will issue only if it fails to do so.

Bailey C. Moseley
Justice

Date Submitted:     June 1, 2010
Date Decided:       June 1, 2010

6