In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00041-CV

                                                ______________________________

 

 

 

                                          IN
RE:  THE TEXAS MEDICAL BOARD

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                                        Opinion
by Justice Moseley

                                                                              

                                                                              








                                                                   O P I N I O N

 

            This mandamus proceeding arises from
the prosecution of Dr. Oscar Reichert (the real party in interest) by the State
of Texas on charges of Medicare fraud.  The action has been brought by the Texas
Medical Board (Board), a governmental agency of the State of Texas, charged by
the Texas Legislature with regulating the practice of medicine.  Tex.
Const. art. XVI, § 31; Tex.
Occ. Code Ann. § 151.003 (Vernon 2004), § 152.001 (Vernon Supp. 2009). 

            Pursuant to its duties to license
and regulate physicians, the Board evaluates applications for licensure and
investigates complaints against physicians.  The Board’s files generated in connection with
these functions are confidential.  Section
155.007(g) of the Texas Occupations Code provides, in part, that “[e]ach report
received or gathered by the board on a license applicant is confidential and is
not subject to disclosure under Chapter 552, Government Code.”  Tex.
Occ. Code Ann. § 155.007(g) (Vernon Supp. 2009).  Documents gathered by the Board as part of
any investigation of any licensee are likewise confidential.  Section 164.007(c) of the Texas Medical
Practice Act provides:

Each
complaint, adverse report, investigation file, other investigation report, and
other investigative information in the possession of or received or gathered by
the board or its employees or agents relating to a license holder, an
application for license, or a criminal investigation or proceeding is
privileged and confidential and is not subject to discovery, subpoena, or other
means of legal compulsion for release to anyone other than the board or its
employees or agents involved in discipline of a license holder.  For purposes of this subsection,
investigative information includes information relating to the identity of, and
a report made by, a physician performing or supervising compliance monitoring
for the board.

 

Tex. Occ. Code Ann. § 164.007(c) (Vernon Supp. 2009).

            Here, the documents in question have
been designated by the Texas Legislature as privileged, confidential, and not
subject to discovery or subpoena under Texas law.[1]  

            However, the State of Texas, in
bringing its criminal prosecution, had obtained copies of the Board’s records
of the disciplinary action pursuant to an exception to that confidentiality
privilege, Section 164.007(h) of the Texas Occupations Code, which provides:

The
board shall cooperate with and assist a law enforcement agency conducting a
criminal investigation of a license holder by providing information that is
relevant to the criminal investigation to the investigating agency.  Information disclosed by the board to an
investigative agency remains confidential and may not be disclosed by the
investigating agency except as necessary to further the investigation.  

 

Tex. Occ. Code Ann. § 164.007(h).

            On October 5, 2009, the 276th Judicial
District Court of Titus County issued a ruling from the bench requiring the State
to turn over the Board’s file to counsel for Reichert.  On May 14, 2010, after having filed an
unsuccessful motion to reconsider, the Board filed a motion for emergency stay
of order of production and motion for leave to submit confidential documents
under seal for in camera review.  This motion
was granted, and on May 19, 2010, following in camera review of the Board’s
file, the respondent in this action, the Honorable Webb Biard, renewed and
affirmed his order of May 7, 2010, and the Honorable William Porter’s order of
October 5, 2009, requiring the State to produce the underlying documentation
that supports the mediated order between Reichert and the Board. 

            The Board contends that the respondent
erred in ordering the disclosure of confidential Board files.  Reichert, the real party in interest,
maintains that the State is obligated to turn over evidence in its possession
that is both favorable to the accused and material to guilt or punishment.  Brady
v. Maryland, 373 U.S. 83, 87 (1963). 
Indeed, Reichert’s right to discover exculpatory evidence material to
guilt or punishment in connection with his criminal prosecution is based on the
United States Constitution.  Id.[2]  If there were exculpatory evidence contained
within the Board files, Reichert would be entitled to be supplied with that
evidence. 

            Mandamus issues only when the
mandamus record establishes (1) a clear abuse of discretion or the violation of
a duty imposed by law and (2) the absence of a clear and adequate remedy at
law.  Cantu
v. Longoria, 878 S.W.2d 131 (Tex. 1994); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992).  A trial court clearly abuses its discretion
when it reaches a decision which is so arbitrary as to amount to a clear and
prejudicial error of law.  Walker, 827 S.W.2d at 839.   While it is true that the reviewing court
may not substitute its judgment for that of the trial court with respect to the
resolution of factual issues, review of a trial court’s determination of legal
principles controlling its ruling is much less deferential.  Id.
at 839–40.  A trial court has no
discretion in determining what the law is and in the application of the law to
the facts.  Id. at 840.  In determining
whether the trial court abused its discretion in the present case, we treat the
trial court’s grant of the requested privileged Board file as a legal
conclusion to be reviewed with limited deference to the trial court.  See
id.; In re Doctors’ Hosp. of Laredo,
Ltd. P’ship, 2 S.W.3d 504, 506 (Tex. App.––San Antonio 1999, orig.
proceeding). 

            The privileged documents were
submitted under seal to the trial court and were reviewed in camera.  While the trial court ordered the State to
produce the documents, it made no finding that any of the information contained
in the documents would serve to assist Reichert in his defense or would
otherwise be classified as exculpatory evidence, as contemplated by Brady and its progeny.  Further, we have reviewed the documents which
were ordered to be produced and find no such exculpatory information contained
within them.

            In the absence of such a finding,
together with our own in camera review in which we have concluded that there is
no right under Brady for Reichert to
obtain disclosure of the documents, and in the face of the statutorily
privileged status of the documents in question, we are compelled to conclude
that the trial court was without discretion to order disclosure of said
documents.  We further find that the
Board, the relator, has no adequate remedy at law.  We conditionally grant the writ of mandamus
and direct the trial court to vacate its prior order directing the divulgence
of the contents of the Board’s file.  We
are confident the trial court will comply, and the writ will issue only if it
fails to do so.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          June 1, 2010

Date
Decided:             June 1, 2010











[1]There
are two categories of documents at issue. 
First, there is the information on which the Texas Medical Board relied
in its disciplinary proceeding before the agency.  These documents were heretofore provided to
Reichert pursuant to Section 164.007(d) of the Texas Occupations Code, which
provides:  

 

                (d)  Not later than the 30th day after the date of
receipt of a written request from a license holder who is the subject of a
formal complaint initiated and filed under Section 164.005 or from the license holder’s
counsel of record, and subject to any other privilege or restriction set forth
by rule, statute, or legal precedent, and unless good cause is shown for delay,
the board shall provide the license holder with access to all information in
its possession that the board intends to offer into evidence in presenting its
case in chief at the contested hearing on the complaint.  The board is not required to provide:

 

                (1)
 a board investigative report or
memorandum;

 

                (2)  the identity of a nontestifying complainant;
or

 

                (3)  attorney-client communications, attorney work
product, or other material covered by a privilege recognized by the Texas Rules
of Civil Procedure or the Texas Rules of Evidence.

 

                (e)  Furnishing information under Subsection (d)
does not constitute a waiver of privilege or confidentiality under this
subtitle or other applicable law.

 

Tex. Occ. Code Ann. § 164.007(d), (e) (Vernon Supp. 2009).

 

The second
category of documents at issue are those not relied upon by the Board at the
contested hearing.  These documents
consist of board investigative reports or memorandums; the identity of the
nontestifying complainant; and attorney-work product.  The documents within this second category
were disclosed to the State, but were not released to Reichert.  It is this second category of documents the
Board seeks to protect from disclosure to Reichert.  We note that both categories of documents
remain confidential, despite limited disclosure to law enforcement and to
Reichert in accordance with the statute. 


 





[2]A
prosecutor has an affirmative duty to turn over material, exculpatory evidence
to the accused.  Brady, 373 U.S. at 87.  Impeachment evidence is likewise included
within the scope of this rule.  See U.S. v. Bagley, 473 U.S. 667, 676
(1985).  Evidence is “material” if there
is “a reasonable probability that, had the evidence been disclosed to the
defense, the outcome of the proceeding would have been different.”  Id.
at 682.  Exculpatory evidence is that
which tends to justify, excuse, or clear the accused of fault or guilt.  Wyatt
v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000).