ACCEPTED
01-14-00979-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/22/2015 12:04:29 PM
CHRISTOPHER PRINI
CLERK

CASE NO. 01-14-00979-CV

IN RE INTERINSURANCE
EXCHANGE OF THE
AUTOMOBILE CLUB,
Relator.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

IN THE FIRST

COURT OF APPEALS

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/22/2015 12:04:29 PM
CHRISTOPHER A. PRINE
Clerk

---

## SUPPLEMENTAL RESPONSE TO THE
## PETITION FOR WRIT OF MANDAMUS

---

Come now, John Amponsah and Melanie Amponsah ("Amponsahs"), Real Parties in Interest, and make this Supplemental Response to the Petition for Writ of Mandamus.

## I.

## AUTHORITIES

A.    **Bias, reliability and credibility of a retained testifying expert witness are always relevant.**

1.1     The Amponsahs are entitled to discover information about the retained testifying expert's potential bias.[1] In *In re Doctor's Hosp.*, the reach of Rule 192.3(e) was in question, the scope of discovery regarding testifying and consulting experts.[2] In that action, plaintiffs sought discovery of the defendant hospital's expert witness physicians, the physicians being non-parties. Plaintiffs requested by subpoena all schedules of their federal income tax returns, and the personal calendars of one of the expert witnesses. The trial court ordered production of the requested documents.[3] The defendant hospital petitioned for writ of mandamus, on the ground that income tax schedules and calendars of non-party witnesses are not discoverable to show bias.

1.2     On appeal, the court acknowledged that bias is relevant, admissible and discoverable.[4] However, for a non-party witness, personal financial records and appointment books are off-limits to show bias.[5] That personal information, in that context, went beyond the scope of discovery. But, even with that limitation, the court confirmed that bias is allowed to be discovered, "[w]e therefore read the rule

---

[1] Texas Rule of Civil Procedure 192.3(e)(5).

[2] In re Doctor's Hosp., 2 S.W.3d 504, 507 (Tex. App.—San Antonio 1999).

[3] The trial court ordered production of the federal income tax returns for the past 3 years to show income derived as either a testifying or consulting expert. Personal calendars were ordered to be produced for one of the expert witnesses, for the past 3 years.

[4] Texas Rule of Evidence 613(b); Texas Rule of Civil Procedure 192.3; In re Doctor's Hosp., 2 S.W.3d at 506.

[5] In re Doctor's Hosp., 2 S.W.3d at 506.

to permit discovery of bias evidence, other than the personal financial records and appointment books of nonparty witnesses."[6]

**B.     The remedy is extraordinary, only for a clear abuse of discretion when there is no adequate remedy on appeal. Relators have offered no evidence to show why this extraordinary remedy is necessary.**

1.3     First and foremost, mandamus is an extraordinary remedy, requiring proof of (1) a clear abuse of discretion, and (2) no adequate remedy on appeal.[7] A trial court abuses its discretion clearly, only if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law."[8] Regarding matters committed to the discretion of the trial court, a reviewing court cannot substitute its judgment for that of the trial court.[9] Relator must prove that the trial court could have reached only <u>one</u> decision.[10] Even if the reviewing court would have decided the issue differently, it cannot change the ruling of the trial court absent proof that the trial court ruling was arbitrary and unreasonable.[11] Relator has offered no evidence that the trial court's order was arbitrary or unreasonable. It was Relator's voluntary choice to hire the same engineer over 50 times in the course of about 14 years. It was Relator who designated this engineer as their retained testifying expert witness. It was the retained engineer who testified in deposition that that "70-80%" of the time, he concludes that something other than a

---

[6] Id. at 507.
[7] Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).
[8] Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).
[9] Walker, 827 S.W.2d at 839.
[10] Id. at 840.
[11] Id.

plumbing leak caused the foundation to sink and fail. On this type of insurance coverage, Relator uses that opinion to deny coverage, just as they did with the Amponsahs. All of this evidence was presented to the trial court. The trial court found that with the issue on whether Relator had a duty to perform the contract, meaning pay the claim, seeing this engineer's reports on other foundation failure claims from plumbing leaks, was reasonably calculated to lead to admissible evidence, and so ordered the reports, not once but twice.

1.4     In contrast, a trial court has no discretion in determining the law to apply or in applying the law to the facts.[12] The complaint here by Relator is not on the law to be applied, or even applying the law to the facts, but rather the scope of discovery; well-settled to be within the trial court's discretion.[13] Thus, Relator has not and cannot show a clear abuse of discretion. Likewise, Relator has not and cannot show the trial court acted unreasonably in ordering this retained expert's reports, that despite different situations on different claims, manages to reach the same conclusion most of the time.

1.5     The Texas Supreme Court has addressed the very issue that Relator complains about, and their ruling and rationale point to denying mandamus in this instance. In *Walker*,[14] the Texas Supreme Court found the trial court's denial of

---

[12] Id.

[13] Flores v. Fourth Court of Appeals, 777 S.W.2d 38, 41-42 (Tex. 1989)(holding that determination of discoverability under Tex. R. Civ. P. 166(3)(d) was within discretion of trial court).

[14] Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).

the requested discovery, which the trial court based solely on the Texas Supreme Court holding in *Russell v. Young*, 452 S.W.2d 434 (Tex. 1970), was an abuse of discretion, because it was the wrong interpretation of the law. Relator in *Walker* wanted discovery of an employer's policy in regard to doctors testifying, the doctors being non-party expert witnesses.[15] The trial court keyed on the fact that the witness was not a party and the discovery was for impeachment only. The trial court decided that producing the documents was controlled by the Supreme Court decision in *Russell,* and denied the discovery.[16]

1.6    On review of the *Walker* trial court decision, the Texas Supreme Court found the trial court overlooked an important distinction in the *Russell* decision. In *Russell*, the party wanted "wholesale discovery" of financial records of a non-party expert witness, for only proving bias or prejudice.[17]    The Supreme Court emphasized that "the credibility of the witness, however, had not yet been put in doubt," and so under those circumstances in *Russell*, the documents sought were not discoverable.[18]    Distinguishing *Walker* from *Russell*, the employer's policy touching on expert doctors testifying, raised the possibility of expert witness bias, casting doubt on the expert's credibility. The discovery sought was not global as in *Russell* but rather narrowly-tailored to information of potential bias suggested

---

[15] Walker, 827 S.W.2d at 838.
[16] Id.
[17] Id.
[18] Id.

"by the witness' own deposition testimony...."[19] In denying the discovery in *Walker*, the trial court misinterpreted the *Russell* decision as an absolute bar to discovery, rather than using a more flexible approach based on the circumstances.[20] It was the trial court's incorrect legal conclusion that amounted to a clear abuse of discretion.[21] The Supreme Court said the trial court should have allowed the discovery of documents reasonably calculated to show potential bias of the expert witness.[22]

1.7 Here, in the matter before this Court, Relator complains of the trial court's order to produce their retained expert witness' reports, a matter entirely within the trial court's discretion. No evidence has been offered to show the trial court made an incorrect determination of law, or misapplied the law, which is pre-requisite to proving "clear abuse of discretion." Relator argues that their retained expert witness' testimony admitting having been hired more than 50 times by Relator, is evidence enough of bias. Relator contends that, because of the expert admitting being hired so many times before, producing the requested reports from those other engagements is beyond the scope of discovery. Simply admitting being hired by Relator is no evidence of bias, as Relator suggests, and no doubt Relator, and probably the expert witness himself, would never admit that such expert witness is

---

[19] Id.
[20] Id.
[21] Id. at 840.
[22] Id. at 839.

biased. The habitual hirings are only evidence of a long-standing business relationship. The critical factor is the extent to which the expert witness follows/ignores accepted scientific methodology, standards and analysis, which speaks to the reliability of his opinions.[23] The extent to which the expert witness ignores accepted science, and renders opinions favorable to Relator, speaks to his bias. That determination can only be made after seeing the reports, which the trial court ordered.

1.8 The expert's opinion in this action was the sole ammunition that Relator used to deny the Amponsahs' claim.[24] When the expert witness himself testified that "70-80%" those other foundation claims ended with the cause of foundation failure being "unrelated to a plumbing leak," meaning no coverage for the insurer who hired him, the witness' credibility is in doubt.[25] When the witness' credibility is in doubt, the Texas Supreme Court has ruled that discovery on bias is allowed.

1.9 Under almost identical facts, the Texas Supreme Court found that there is coverage in this situation.[26] In *Balandran*, just as in this action, a plumbing leak under the foundation caused the foundation to fail and caused damage to the home.

---

[23] Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 581 (Tex. 2006).

[24] Exhibit F. Defendant Interinsurance Exchange of the Automobile Club's First Supplemental Response to Plaintiff's First Set of Interrogatories, Interrogatory Number 6.

[25] Exhibit A. Pages 30.

[26] Exhibit A. Pages 29-30; Balandran v. Safeco Ins. Co., 972 S.W.2d 738 (Tex. 1998)(holding that exclusion in standard homeowners' Form B insurance policy--the same as the Amponsahs' Form B policy--for loss to dwelling caused by settling, cracking, bulging, shrinkage, or expansion of foundations, did not apply to structural damage from a plumbing leak, which was the same exclusion cited as the reason for denial of the Amponsahs' claim for structural damage caused by the plumbing leak).

The homeowners had Form B insurance coverage, just like the Amponsahs. The insurer denied the claim, citing the exact same exclusion, identical wording to the exclusion in the Amponsahs' policy, that Relator cited in denying the Amponsahs' claim.[27] With credibility in question, and discovery narrowly-tailored to lead to admissible evidence on credibility, i.e. the methodology, standards, analysis and opinions in those other engagements for this same insurer, those other reports are absolutely fair game and should be produced.[28]

1.10 Relator's second hurdle is to prove no adequate remedy on appeal, fundamental to mandamus relief.[29] That Relator might be saddled with delay or expense through the normal appellate path, instead of the extraordinary path of mandamus, on a discovery dispute, does not justify mandamus.[30] The Texas Supreme Court's view on mandamus relief in a discovery dispute favors the Amponsahs. At least three contexts have been cited where, in regard to a discovery dispute, there is no adequate remedy on appeal, thereby warranting mandamus:

(1)    when the trial court incorrectly orders discovery of privileged information, patently irrelevant or duplicative documents;

(2)    when a party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's error; and

---

[27] Exhibit C. Balandran v. Safeco Ins. Co., 972 S.W.2d 738 (Tex. 1998).
[28] Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992).
[29] Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989).
[30] Walker, 827 S.W.2d at 842.

(3) when discovery is not allowed and the missing discovery cannot be made part of the appellate record for review later.[31]

1.11 These factors all weigh in favor of the Amponsahs. The discovery at issue here is not privileged. The discovery is not duplicative, as Relator is dragging their feet for months now to not produce the reports, and certainly not irrelevant as the trial court has found them relevant in this situation. Without the reports, it would vitiate or compromise the Amponsahs' evidence, not any claim of Relator's. The reports go to the heart of the credibility of the Relator's retained expert witness. Evidence from the other engineering reports could very well render his opinions here not credible. If so, Relator would have no basis for denying the Amponsahs' claim, proving Realtor's breach of contract. Without the reports, no evidence could be submitted for the appellate record, if necessary. Evidence exempted from discovery would not be part of the record, rendering it impossible for a reviewing court to determine whether denying the discovery was harmful.[32]

1.12 In *Walker*, the Texas Supreme Court ruled that Relator had an adequate remedy by appeal, and so mandamus was denied. Relator in that case was seeking mandamus of the trial court's order denying the discovery. Discovery at issue there was viewed as not vitiating or severely compromising Relator's legal rights. Most important, the discovery was before the trial court. The trial court saw the

---

[31] Id. at 843.
[32] Jampole v. Touchy, 673 S.W.2d 569, 576 (Tex. 1984).

documents. The trial court examined and considered the documents, before ultimately deciding to deny the discovery. That discovery was available for appeal.[33] The exact opposite scenario exists now before for this Court. The trial court here considered the pleadings and evidence, <u>ordered</u> the discovery, and <u>upheld</u> its order on Relator's appeal to the trial court. Relator is trying to obstruct discovery that the trial court ordered. The trial court here has not seen the reports. The trial court has not been afforded an opportunity to determine their admissibility. If the reports are not produced, they will not be available on appeal. If mandamus is granted, Relator will have successfully concealed the truth. The purpose of discovery is to seek the truth, so disputes may be decided by what facts are revealed, not by what facts are concealed.[34]

Wherefore, premises considered, Relator's petition for mandamus must be denied.

---

[33] Walker, 827 S.W.2d at 838. The trial court reviewed the relevant depositions and pleadings, and ordered the production of the requested documents for in camera review, before the trial court denied the discovery.

[34] Axelson, Inc. v. McIlhany, 798 S.W.2d 550, 555 (Tex. 1990).

Respectfully submitted,

**THE RENSIMER LAW FIRM, P.L.L.C.**

James E. Rensimer
Texas Bar No. 24027772
9525 Katy Freeway, Suite 220
Houston, Texas 77024
JR@RensimerLaw.com
713-750-9299 p
877-455-1544 f
**ATTORNEY FOR REAL PARTIES IN INTEREST
JOHN AMPONSAH AND MELANIE
AMPONSAH**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure, on January 22, 2015.

David H. Bradley
**WALTERS BALIDO & CRAIN, LLP**
2500 Tanglewilde, Suite 250
Houston, Texas 77063
713-335-0286 f
**ATTORNEY FOR REALTOR**


The Honorable Thomas R. Culver III
**PRESIDING JUDGE OF THE 240TH JUDICIAL DISTRICT COURT OF FORT BEND COUNTY, TEXAS**
301 Jackson
Richmond, Texas 77469
**RESPONDENT**

_____
James E. Rensimer

| | | |
|---|---|---|
| IN RE INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB, Realtor. | § § § § § § § § § § § § § § § § | IN THE FIRST<br><br>COURT OF APPEALS<br><br>HOUSTON, TEXAS |

## RECORD APPENDIX IN SUPPORT OF RESPONSE TO PETITION FOR WRIT OF MANDAMUS

From Cause No. 13-DCV-203651 Pending in the 240th Judicial District Court of Fort Bend County

THE RENSIMER LAW FIRM, P.L.L.C.

James E. Rensimer
Texas Bar No. 24027772
9525 Katy Freeway, Suite 220
Houston, Texas 77024
JR@RensimerLaw.com
713-750-9299 p
877-455-1544 f
**ATTORNEY FOR REAL PARTIES IN INTEREST JOHN AMPONSAH AND MELANIE AMPONSAH**

## Cause Number 13-DCV-203651
## (The Action)

| Instrument | Tab |
|---|---|
| Deposition of Derrick Hancock (June 9, 2014)<br>Previously submitted on 1/15/15 | A |
| Deposition of Derrick Hancock Exhibits (1-18)<br>Previously submitted on 1/15/15 | B |
| Letter from Mike Hendricks to John and Melanie<br>Amponsah (sent September 13, 2011)<br>Previously submitted on 1/15/15 | C |
| HSA Residential Report (sent July 15, 2011)<br>Previously submitted on 1/15/15 | D |
| HSA Supplement Residential Report<br>(sent September 12, 2011)<br>Previously submitted on 1/15/15 | E |
| Defendant Interinsurance Exchange of the Automobile<br>Club First Supplemental Responses to Interrogatories<br>Number 6 (September 23, 2013) | F |