IN THE
TENTH COURT OF APPEALS


No. 10-20-00229-CV

IN RE RESA VACO AND TAMMY VACO

Original Proceeding

From the 12th District Court
Walker County, Texas
Trial Court No. 1728450

## MEMORANDUM OPINION

Resa and Tammy Vaco seek mandamus relief to compel Respondent, the Honorable David Moorman, of the 12th District Court of Walker County, to vacate a discovery order compelling a second deposition of their expert witness and the production of the expert's financial records and a list of cases he reviewed. We conditionally grant the writ.

### BACKGROUND FACTS

Resa and Tammy Vaco filed a medical malpractice suit against Jayne Schulte, M.D., and several other defendants regarding medical care received by Resa. The Vacos

designated Dr. Benny Gavi as an expert witness to testify regarding the standard of care applicable to Dr. Schulte. Dr. Gavi was deposed on June 8, 2020, and during that deposition, Dr. Gavi stated that he works both as a hospitalist and in private practice. He spends fifty-five percent of his time as a hospitalist, and forty-five percent in his private practice. Dr. Schulte's counsel asked about the money Dr. Gavi receives from medical-legal consulting work. Dr. Gavi stated that approximately one third of his private practice income is from his medical-legal consulting work. Dr. Gavi did not give an amount of money he receives from that work.

On July 20, 2020, Dr. Schulte filed a motion to compel deposition answers. Dr. Schulte asked the trial court to compel Dr. Gavi to attend a second deposition and answer the questions regarding financial renumeration associated with testifying in medical legal cases and provide all documentation related to that financial renumeration. On August 18, 2020, the trial court issued an order granting the motion to compel deposition answers. On August 27, 2020, the Vacos filed a mandamus asking this Court to order the trial court to vacate the August 18, 2020 order compelling a second deposition of Dr. Gavi and production of his financial records.

At the time the Vacos filed their mandamus, Honorable Donald Kraemer was the trial court judge for the 12th District Court of Walker County. After this original proceeding was filed, Judge Kraemer retired and ceased to hold office as the Judge of the 12th District Court. Judge Kraemer's successor is the Honorable David Moorman.

Pursuant to Rule 7.2 (b) of the Rules of Appellate Procedure, this Court abated the proceeding to allow Judge Moorman an opportunity to consider Dr. Schulte's motion to compel deposition answers and the order entered by Judge Kraemer.

After this Court abated the proceedings, the Vacos filed a motion in the trial court to reconsider Dr. Schulte's motion to compel deposition answers, and Dr. Schulte responded to that motion. The trial court denied the Vacos motion to reconsider. The trial court signed a new order on March 12, 2021, but did not withdraw the August 18, 2020 order. The March 12, 2021 order stated that Dr. Gavi is to "fully respond to all of the questions asked at his deposition in the above referenced lawsuit that he either refused to answer or counsel objected to him answering." The trial court further ordered that Dr. Gavi is to produce:

> … all documents that were requested in the Subpoena Duces Tecum attached to Defendant, Jayne R. Schulte, MD's Cross Notice of Plaintiffs' First Amended Notice of Intent to Take the Oral and Videotaped Deposition of Benny Gavi, MD, with Subpoena Duces Tecum as follows:
>
> a. Any financial records reflecting monies collected by Dr. Gavi or his professional association for medical/legal review and testimony in this case and in other medical negligence cases for the past two (2) years (i.e. gross earnings).
> b. A list of cases which Dr. Gavi has reviewed for an attorney or a party to the suit, or in the alternative, any and all documents possessed by Dr. Gavi which would identify the case(s) which he has reviewed or which would refresh his memory as to the case(s) he has reviewed for any attorney or party to the suit.
> c. A list of cases in which Dr. Gavi has testified either by deposition or live at trial, or in the alternative, any and all documents possessed by Dr. Gavi which would identify the case(s) in which he has testified or which would refresh his memory as to case(s) at which he has testified.

**ARGUMENT**

In their sole issue, the Vacos contend that the trial court abused its discretion in ordering the second deposition of Dr. Gavi and ordering the production of financial records and documents related to cases reviewed by Dr. Gavi. To be entitled to mandamus relief, the Vacos must show that the trial court abused its discretion and that they have no adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). Remedy by appeal is inadequate when an order requires the disclosure of information exempted from discovery. *Walker v. Packer*, 827 S.W.2d at 843; *In re Doctor's Hospital of Laredo, Ltd. Partnership*, 2 S.W.3d 504, 506 (Tex. App. — San Antonio 1999)(original proceeding). To determine whether such an order is an abuse of discretion, we defer to the trial court's factual determinations while reviewing its legal determinations de novo. *In re Doctor's Hospital of Laredo, Ltd. Partnership*, 2 S.W.3d at 506. The trial court abuses its discretion when it fails to properly apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling is based on factual assertions unsupported by the record. *Id*.

The Vacos argue that the trial court abused its discretion by ordering a second deposition of Dr. Gavi to allow questioning of his personal finances and requiring production of his personal financial documents despite the lack of any evidence of Dr. Gavi's bias. The Vacos further argue that the trial court abused its discretion by ordering Dr. Gavi to produce (1) a list of cases he has reviewed for any attorney, or in the

alternative, any and all documents that would identify those cases as well as a list of cases, and (2) a list of cases in which he has testified either by deposition or live at trial, or in the alternative, any and all documents that would identify such cases.

Rule 192.3 of the Texas Rules of Civil Procedure provides that a "party may discover ... any bias of the [testifying] witness." TEX. R. CIV. P. 192.3(e)(5). However, personal financial records and appointment books are generally not discoverable to demonstrate the bias of a nonparty witness. *Russell v. Young*, 452 S.W.2d 434, 435 (Tex. 1970); *In re Doctor's Hospital of Laredo, Ltd. Partnership*, 2 S.W.3d at 506. Because we find that the trial court's order is overly broad, we need not decide whether Dr. Schulte has shown sufficient bias on the part of Dr. Gavi to allow the discovery of his personal financial information and list cases that he testified in or reviewed. *See In re Wharton*, 226 S.W.3d 452, 458 (Tex. App. — Waco 2005)(original proceeding) (Gray, C.J., concurring).

The trial court's order requires Dr. Gavi to produce "any financial records reflecting monies collected" by Dr. Gavi or his professional association for the last two years. While the order limits the time frame to the last two years, it is overly broad in that it does not limit or define the financial records to be produced by Dr. Gavi. The order was also overly broad in that it required Dr. Gavi to produce the financial records of his professional association.

In addition, the order is overbroad in requiring Dr. Gavi to produce a list of cases he has reviewed for any attorney or party and a list of cases in which he testified, whether

at trial or by deposition. The order does not limit the time frame which could require an extensive list of cases from the entirety of Dr. Gavi's career, many of which may not be relevant. The order requires all cases reviewed by Dr. Gavi which could include cases where he was not retained as an expert witness. We note that Rule 195.5 was amended effective January 1, 2021 and now requires a party to provide "a list of all other cases in which, during the previous four years, the expert testified as an expert at trial or by deposition." Rule 195.5 further requires a statement of compensation to be paid for the expert's study and testimony in the case. TEX. R. CIV. PROC. ANN. 195.5 (a) (4) (D) (E). Although the amendments to Rule 195.5 are not applicable in this case, they are instructive on discovery of bias evidence. The March 12, 2021 Order is more broad than the requirements of the amended Rule 195.5.

Discovery of bias evidence is what is expressly permitted by the rule, but a document request has never been a proper discovery tool to conduct a fishing expedition, particularly to try to find impeachment evidence limited to bias. *See In re Wharton*, 226 S.W.3d 452, 458 (Tex. App. — Waco 2005)(original proceeding) (Gray, C.J., concurring). Because we find that the March 12, 2021 Order is overly broad, we sustain the sole issue.

CONCLUSION

We conditionally grant the requested writ of mandamus. The writ will issue only if Respondent fails to advise this Court in writing within twenty-one days after the date of this opinion that he has vacated the overbroad order.


JOHN E. NEILL
Justice


Before Chief Justice Gray,
     Justice Neill, and
     Justice Johnson
(Chief Justice Gray dissenting with note)*
Writ conditionally granted
Opinion delivered and filed May 19, 2021
[OT06]
*(Chief Justice Gray Dissents. A separate opinion will not issue. Chief Justice Gray provides the following note. The breadth of the requested information is not offensive. The fight is over having to provide two years of gross revenues earned from being an expert consultant/witness, a list of cases in which he has provided consulting services (cases reviewed for any attorney), and a list of cases in which he has testified (live or by deposition). This seems pretty basic to me. While preparation of a document, in this case a list, cannot be compelled, it is a much easier task that is provided as an alternative to having to provide all the documents from which such a list could be compiled. As for the records of the professional association versus the personal financial records of the testifying doctor, it would seem obvious that it is still limited by the scope of the request to those revenues earned for being a professional witness, thus including those collected by the professional association rather than the doctor personally. It should be noted that the court's opinion does not foreclose an appropriately narrowed and tailored request and I see nothing in the opinion that would foreclose a second deposition on those documents. Moreover, I see no reason that the scope of the freshly minted discovery rule would not be an appropriate guide to narrow and tailor the request. With these comments I respectfully dissent to the grant of the petition for writ of mandamus.)

